**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LOWANA SHANELL DUMAS,

    Plaintiff,

v.                                                        Case No. 10-12661

HURLEY MEDICAL CENTER, et al.,

    Defendants.

                                                  /

**OPINION AND ORDER GRANTING DEFENDANTS'**
**MOTIONS FOR MORE DEFINITE STATEMENT**

Pending before the court are two motions for more definite statements by Defendants pursuant to Federal Rule of Civil Procedure 12(e). The court will consider both motions together because they cover the same issue and involve the same facts and arguments. Additionally, an order addressing one of the motions would necessarily address the other, as they both seek to compel Plaintiff to clarify the complaint. Having reviewed the motion and supporting briefs, the court concludes that a hearing is not necessary. E.D. Mich. LR 7.1(f)(2). For the reasons stated below, Defendants' motions will be granted.

**I. BACKGROUND**

On July 6, 2010, Plaintiff Lowana Shanell Dumas filed a pro se complaint against Defendant Hurley Medical Center ("Hurley"), Defendants AFSCME Council 25, AFSCME Local 1603, Deloris Lots, and Patricia Ramirez (together "AFSCME"),[1] and

---

[1] According to the complaint, Lots is the president of AFSCME Local 1603 and Ramirez is the bargaining chairperson of AFSCME Local 1603.

others. In the complaint, Plaintiff alleges eighty-nine counts upon which recovery is sought from eighteen Defendants. Despite the abundance of both claims and parties, Plaintiff does not indicate which counts are alleged against which parties. The counts are simply listed without elaboration, and this list is followed by a statement of fact and demand for damages in the amount of $7,500,000. Plaintiff's statement of fact indicates that she had been an employee of Hurley, and the instant action arises out of events relating to her employment. Service upon all Defendants was attempted by mail on October 1, 2010. On October 20, 2010, Hurley moved for a more definite statement of the complaint pursuant to Rule 12(e), and AFSCME likewise moved for a more definite statement of the complaint on October 22, 2010. Plaintiff filed a response to Hurley's motion on October 22, 2010.[2] No further motions, responses, or replies have been filed.

## II. STANDARD

Federal Rule of Civil Procedure 12(e) allows for the filing of a motion for a more definite statement, and gives the district court the discretion to grant such motion if the pleading complained of "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Polishing the pleadings by means of motion practice is rarely worth the effort." *Compuware Corp. v. International Business Machines*, 259 F. Supp. 2d 597, 600 (E.D. Mich. 2002) (quoting 5 Charles A. Wright & Arthur A. Miller, Federal Practice and Procedure, § 1218, at 185 (1990)). "Any

---

[2] Plaintiff's response purports to be both a response and a motion for sanctions. Plaintiff has not filed a separate motion for sanctions as required by Rule 11. Fed. R. Civ. P. 11(c)(2). In any event, Plaintiff has also failed to establishes any basis for sanctions or injunctive relief. Therefore, the court will construe this filing as a response only. Plaintiff is directed to file any motions separately from other filings in this court in the future.

2

evidentiary detail a defendant may require is more properly the subject of discovery." *Id.* (citing *Communities for Equity v. Michigan High School Athletics Assoc.*, 26 F.Supp.2d 1001, 1009 (W.D. Mich. 1998)).

Federal Rule of Civil Procedure 8(a) establishes the requirements of a complaint. Rule 8 requires that a pleading setting forth a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of such statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), noted that it is significant that Rule 8(a)(2) requires a "showing" of entitlement to relief, rather than merely a "blanket assertion." *Id.* at 556. A plaintiff must "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* The Court held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [illegal conduct]." *Id.* at 556. In so stating, the Court spoke in terms of "plausibility," rather than mere "conceivability." *Id.* This interpretation of Rule 8 does not require heightened fact pleading of specifics, "but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Citing *Twombly*, the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), explained that:

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of actions

3

will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

Id. at 1949 (citations omitted). Although Rule 8(a) does not bar the courthouse door to plaintiffs for lack of perfect specificity, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

Federal Rule of Civil Procedure 10 establishes the required form of pleadings, including complaints. A complaint must state each claim in one or more numbered paragraphs, with each paragraph "limited as far as is practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, "each claim founded on a separate transaction or occurrence . . . *must* be stated in a separate count" when doing so would increase the clarity of the complaint. Fed. R. Civ. P. 10(b) (emphasis added).

### III. DISCUSSION

Defendants move for a more definite statement of the complaint, asserting that Plaintiff's claims are "so vague or ambiguous" that they cannot possibly produce an answer. Fed. R. Civ. P. 12(e). They note that Plaintiff does not address any of her eighty-nine counts to any of the Defendants, thereby leaving Hurley and AFSCME to speculate upon which counts Plaintiff may seek to hold them liable. They also note that Plaintiff has not reasonably indicated which facts support which counts. The court further notes that many of the counts are insufficiently stated to make out any cause of action, such as Count XXVIII ("Featherbedding") and Count LXX ("Malice"). The statutes and sections of the U.S. Code to which Plaintiff refers do not clarify the basis for the claims, nor do they relieve Plaintiff of her responsibility to produce "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P.

4

8(a)(2).  Plaintiff's complaint appears to include any conceivable claim in any way related to termination of an employee from a hostile and unionized workplace, yet it contains not one plain statement of any one of these claims.

In Plaintiff's response, she asserts that she is preparing an amended complaint, which she claims will correct the deficiencies of which Defendants complain.  (Pl. Resp. 5.)  Aside from that statement of intent to amend the complaint, Plaintiff's response is devoid of any argument regarding Defendants' motions.  Therefore, the court will grant the pending motions of Hurley and AFSCME.  The court will order Plaintiff to file an amended complaint that complies with the Federal Rules of Civil Procedure and provides Defendants with "fair notice of what the claim is and the grounds upon which it rests."  *Conley*, 355 U.S. at 47.  Plaintiff is particularly directed to the language in *Iqbal* that "an unadorned, the-defendant-unlawfully-harmed-me accusation" does not comply with the pleading standards of Rule 8.  129 S. Ct. at 1949.  For each count of Plaintiff's amended complaint, it must clearly state against which Defendants the claim is made and a factual basis sufficient to establish the claim.

## IV.  CONCLUSION

IT IS ORDERED that Defendant Hurley Medical Center's motion for a more definite statement [Dkt. # 8] is GRANTED and that Plaintiff file an amended complaint complying with this order on or before **February 1, 2011**.

IT IS FURTHER ORDERED that Defendant AFSCME's motion for a more definite statement [Dkt. # 9] is GRANTED and that Plaintiff file an amended complaint complying with this order on or before **February 1, 2011**.

                                            S/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: December 16, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 16, 2010, by electronic and/or ordinary mail.

                                            S/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522