UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWANA SHANELL DUMAS,

    Plaintiff,

v.                                                   Case No. 10-12661

HURLEY MEDICAL CENTER, et al.,

    Defendants.
                                            /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

On December 23, 2010, Plaintiff filed the instant motion to strike Defendants' motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), filed October 22, 2010. Plaintiff asserts that the motion by Defendants AFSCME Council 25, AFSCME Local 1603, Deloris Lots, and Patricia Ramirez (together "AFSCME") had not been served upon Plaintiff. Plaintiff further asserts that AFSCME failed to seek concurrence prior to filing the motion. Having reviewed the motion and supporting briefs, the court concludes that a hearing is not necessary. E.D. Mich. LR 7.1(f)(2). For the reasons stated below, Plaintiff's motion will be denied.

On July 6, 2010, Plaintiff Lowana Shanell Dumas filed a pro se complaint against AFSCME and others, alleging eighty-nine counts against eighteen Defendants. On October 22, 2010, AFSCME filed a motion for a more definite statement of the complaint. As another Defendant had filed a similar motion and Plaintiff had filed a response, the court reviewed the motions together and granted both motions for more definite statement on December 16, 2010. On December 23, 2010, Plaintiff filed the

instant motion to strike AFSCME's motion for failure to comply with Federal Rule of Civil Procedure 5 and Local Rule 7.1. Under Rule 5, a movant must serve copies of written complaints upon nonmoving parties. Fed. R. Civ. P. 5(a)(1)(D). Local Rule 7.1 further requires the movant to seek concurrence prior to filing a motion. E.D. Mich. LR 7.1(a). Plaintiff contends that AFSCME neither sought her concurrence nor served her with a copy of its motion. It appears from AFSCME's motion that AFSCME improperly relied upon electronic filing to substitute for service.[1] As the court will not strike AFSCME's motion, it is unnecessary to determine whether AFSCME additionally served Plaintiff with a copy of the motion or sought concurrence.

    Although Plaintiff's claims are facially plausible, the instant motion is improvidently filed. AFSCME's motion was sufficient without a response by Plaintiff. Plaintiff's complaint failed to state any claims requiring any party to answer without a more definite statement of the claims. For the reasons detailed in the court Opinion and Order of December 16, 2010, Defendants were entitled to a more definite statement of the complaint under Federal Rule of Civil Procedure 12(e). When a complaint fails to clearly state causes of action such that defendants can be fairly required to respond, the

---

[1] AFSCME's motion contains a certificate of service stating the following:

> I hereby certify the on October 22, 2010, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to Lowana Shanell Dumas.

The receipt generated by the ECF system indicates that no electronic notification was sent to Plaintiff. (Dkt. # 9.) Defendants are instructed to use traditional means to serve Plaintiff with future filings.

court may issue an order requiring a more definite statement *sua sponte*.  See *Fleming v. Michigan*, No. 09-11795, 2010 WL 931925, at *8 (E.D. Mich. Mar. 11, 2010); *Cesnik v. Edgewood*, 88 F.3d 902, 907 (11th Cir. 1996).  The Opinion and Order remains proper, notwithstanding any alleged failure of AFSCME to serve its motion on Plaintiff or seek concurrence.[2]  Accordingly,

IT IS ORDERED that Plaintiff's motion to strike [Dkt. # 15] is DENIED.  Plaintiff must file an amended complaint complying with this court's order of December 16, 2010, on or before **February 1, 2011**.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 5, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 5, 2011, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[2]  This is particularly true inasmuch as Plaintiff had filed a response to another motion for more definite statement and, therefore, had been adequately heard on the matter.