# UNITED STATES DISTRICT COURT  FILED
## FOR THE EASTERN DISTRICT OF MICHIGAN

*Plaintiff*

**LOWANA SHANELL DUMAS**
2615 Martin L King Avenue
Flint, Michigan 48505
(810) 309-3158

*In propria persona*

*Versus*

**Case:** 2:10-cv-**12661**
**Judge:** Robert H **CLELAND**
**Magistrate:** Virginia M. **MORGAN**

U.S. DIST. COURT CLERK   Page | 1
EAST DIST. MICH
FLINT

*Defendant(s)*

**HURLEY MEDICAL CENTER, et. al**
One Hurley Plaza
Flint, Michigan 48503
(810) 257-9000

JURY DEMAND

*(see list of defendants)*

---

### 1ST AMENDED COMPLAINT FOR INJUNCTIVE & OTHER EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL

---

PLAINTIFF incorporates the original complaint in this amended complaint. This amendment shall serve to clarify plaintiff's allegations and relief sought in that there are numerous defendants and numerous causes of action. The original complaint seeks $7.5M dollars. That amount was *per defendant* and I don't think that was clear. It may seem like a lot, but consider this: how can you calculate damages which are intangible? CAN SOMEONE HELP ME calculate "trust" in others? Can someone help me calculate the years of counseling that are needed to move forward?...to not have my stomach clinching into knots when I think of those people?...of what happened? How can you calculate the fracturing of my emotional state?...the constant struggle to find employment?...to pay the Consumer's and water bills? Help me devise a formula for calculating what has been stolen from me. Like my self esteem. The college tuition which comes from being employed at Hurley for Local 1603 members. The retirement benefits which I no longer have. The pay increases and seniority. It seems like a lot - until you get into the details. Then it becomes clear that it's not a lot - it's a mere fraction of what's genuinely due to me for what I've endured.

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

ORIGINAL

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ 2

DEFENDANTS (BY GROUPING) AND SERVICE ADDRESSES ................................................ 7

STATEMENT OF CITIZENSHIP ............................................................................................ 10

STATEMENT OF JURISDICTION .......................................................................................... 10

STATEMENT OF VENUE ..................................................................................................... 11

DECLARATION OF JOINDER OF PARTIES ........................................................................... 11

DECLARATION OF FORMAT ............................................................................................... 11

SUMMARY STATEMENT OF FACTS ..................................................................................... 12

Inmates Running The Asylum:  Establishment of Direct and Vicarious Liability Upon Hurley Medical
        Center & City of Flint .......................................................................................... 15

CAT'S PAW  15

IN INDIVIDUAL CAPACITY:  ESTABLISHMENT OF INDIVIDUAL LIABILITY ......................... 19

GOVERNMENTAL IMMUNITY .............................................................................................. 23

17-COUNT SUMMARY FOR  Administration *Defendants* ................................................. 26

Administrative *Defendants* .............................................................................................. 28

*17 Counts* Against  DAVID SCZEPANSKI : JAY C. KITSON : VANESSA NELSON : DWAYNE PARKER .... 28

*Business Defamation, Defamation Per Se Through Negligent/Intentional Publication of Fraudulent Material
        Misrepresentations and Negligent/Intentional Invasion of Privacy Through Construction of
        False Light* .......................................................................................................... 28

*Concert of Action, Conspiracy Against Rights, Deprivation of Rights, Tortious Interference with Federally Protected
        Activities, Deprivation of Relief Benefits as defined and prohibited by 18 USC 241 et seq. and
        Violation of First Amendment* .............................................................................. 30

*Confusion and/or Omission of Material Facts/Rights* .................................................... 34

*Constitutional Challenge to unconscionable and unconstitutional "probationary employee", Deprivation of Liberty
        Interests, Violation of Fourteenth Amendment, Animus Discrimination* ......................... 36

*Cruel and Unusual Punishment In Violation of the Eighth Amendment* .............................. 39

*Featherbedding*        40

*Lowana Shanell Dumas v Hurley Medical Center, et al*
*All Previous Pages Herein Are Incorporated and Binding*

*Fraud - Active/Fraudulent Concealment, Silent Fraud/Nondisclosure, Civil Conspiracy/Collusion as defined and prohibited by the State of Michigan, and Bad Faith* .................................................................. **40**

*Innocent/Negligent/ Malicious Misrepresentations* ................................................................................. **44**

*Negligence and/or Gross Negligence, Negligent and/or Intentional Infliction of Emotional Distress, Mental Anguish, and Loss of Society* ............................................................................................................. **45**

*Negligent and/or Intentional Unilateral Change To or Breach Of Bargaining Agreement, Duty to Protect, Fiduciary Duties and Trust, Expressed/Implied Verbal/Written Agreement, and Failure to Collectively Bargain* **48**

*Negligent Supervision, Retention, & Hiring, and Failure to Warn* ............................................................ **50**

*Promissory Estoppel*   **51**

*Tortious Interference with Contractual Relations, Existing/Potential Advantageous Business Relationships or Expectancy Thereof, Potential Economic Advantage; Abuse of Privilege/Process, and Inducement of Breach of Contract or Bargaining Agreement* ................................................................... **53**

*Unconscionable and Unfair Labor Practices including Undue Influence, Duress, Oppression, and Creation, Encouragement, and Sustainment of a Hostile Work Environment* ........................................................ **55**

*Violation of Civil Rights Acts of 1886, 1964, & 1991; Violation of the Elliot Larsen Civil Rights Act* ............................ **57**

*Violation of Fair Labor Standards Act, Labor Management Reporting and Disclosure Act (Landrum-Griffin Act), and National Labor Relations Act* ................................................................................................ **58**

*Wrongful, Retaliatory, or Constructive Discharge* ....................................................................................... **62**

**Additional Counts Against** *Dwayne Parker* ....................................................................................... **63**

**12** *Additional Counts* **Against  DWAYNE PARKER** ................................................................................. **63**

*Violation of The CRA of 1886 (Section 1981), CRA of 1964 (Title VII), CRA of 1991, and Elliot Larsen Civil Rights Act* ... **64**

*Violation of Genetic Information Nondiscrimination Act and Michigan Ethnic Intimidation Act* ................................ **67**

18-COUNT SUMMARY FOR  *Supervisory Defendants* ............................................................................ **72**

**Supervisory** *Defendants* ............................................................................................................................. **74**

**18** *Counts* **Against  SHEILA MOORE : KRISTEN DELONEY** ................................................................ **74**

*Business Defamation, Defamation Per Se Through Negligent/Intentional Publication of Fraudulent Material Misrepresentations and Negligent/Intentional Invasion of Privacy Through Construction of False Light* ...................................................................................................................... **74**

*Confusion and/or Omission of Material Facts/Rights* ................................................................................. **82**

*Constitutional Challenge to unconscionable and unconstitutional "probationary employee", Deprivation of Liberty Interests, Violation of Fourteenth Amendment, Animus Discrimination* ............................. **84**

*Cruel and Unusual Punishment In Violation of the Eighth Amendment* ................................................... **87**

*Featherbedding*        **88**

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

*Fraud - Active/Fraudulent Concealment, Silent Fraud/Nondisclosure, Civil Conspiracy/Collusion as defined and prohibited by the State of Michigan, and Bad Faith* .................................................................. 88

*Innocent/Negligent/ Malicious Misrepresentations*.................................................................. 91

*Negligence and/or Gross Negligence, Negligent and/or Intentional Infliction of Emotional Distress, Mental Anguish, and Loss of Society*.................................................................. 94

*Negligent and/or Intentional Unilateral Change To or Breach Of Bargaining Agreement, Duty to Protect, Fiduciary Duties and Trust, Expressed/Implied Verbal/Written Agreement, and Failure to Collectively Bargain*96

*Negligent Supervision, Retention, & Hiring, and Failure to Warn*.................................................................. 98

*Promissory Estoppel*   99

*Tortious Interference with Contractual Relations, Existing/Potential Advantageous Business Relationships or Expectancy Thereof, Potential Economic Advantage; Abuse of Privilege/Process, and Inducement of Breach of Contract or Bargaining Agreement* .................................................................. 101

*Unconscionable and Unfair Labor Practices including Undue Influence, Duress, Oppression, and Creation, Encouragement, and Sustainment of a Hostile Work Environment* .................................................................. 103

*Violation of Civil Rights Acts of 1886, 1964, & 1991; Violation of the Elliot Larsen Civil Rights Act*.................................................................. 105

***Violation of Genetic Information Nondiscrimination Act and Michigan Ethnic Intimidation Act and Failure to Provide Accommodation*** .................................................................. 108

*Violation of Fair Labor Standards Act, Labor Management Reporting and Disclosure Act (Landrum-Griffin Act), and National Labor Relations Act*.................................................................. 115

*Wrongful, Retaliatory, or Constructive Discharge* .................................................................. 118

13-COUNT SUMMARY FOR Union *Defendants* .................................................................. 121

**Union** *Defendants*.................................................................. 122

**Counts Against**   AFSCME COUNCIL 25 : AFSCME LOCAL 1603 : DELORIS LOTS : PATRICIA RAMIREZ .................................................................. 122

BUSINESS DEFAMATION AND DEFAMATION PER SE THROUGH NEGLIGENT PUBLICATION OF FRAUDULENT MATERIAL MISREPRESENTATIONS OR NEGLIGENT CONSTRUCTION OF FALSE LIGHT.................................................................. 122

CONCERT OF ACTION, CONSPIRACY AGAINST RIGHTS, DEPRIVATION OF RIGHTS, TORTIOUS INTERFERENCE WITH FEDERALLY PROTECTED ACTIVITIES, AND DEPRIVATION OF RELIEF BENEFITS AS DEFINED AND PROHIBITED BY 18 USC 241 ET SEQ. AND VIOLATION OF 1ST AMENDMENT .................................................................. 123

CONSTITUTIONAL CHALLENGE TO UNCONSCIONABLE, UNCONSTITUTIONAL "PROBATIONARY EMPLOYEE" POLICY, ANIMUS DISCRIMINATION AND VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS .................................................................. 129

FEATHERBEDDING AND UNJUST ENRICHMENT.................................................................. 132

4
_____

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

Fraud - Active/Fraudulent Concealment, Silent Fraud/Nondisclosure, Civil Conspiracy/Collusion as defined and prohibited by the State of Michigan, and Bad Faith Conduct ........................................................... 133

Negligence and/or Gross Negligence, Negligent Supervision, Negligent and/or Intentional Infliction of Emotional Distress, Mental Anguish, and Loss of Society 137

Negligent and/or Intentional Breach of Bargaining Agreement, Duty to Protect, Duty of Fair Representation, Fiduciary Duties & Trust, and Expressed/Implied Verbal Agreement ...................................................................... 139

Promissory Estoppel  148

Tortious Interference with Contractual Relations, Existing/Potential Advantageous Business Relationships or Expectancy Thereof, Potential Economic Advantage; Abuse of Privilege/Process, and Inducement of Breach of Contract or Bargaining Agreement ....................................................... 150

Undue Influence, Duress Inducement, Workplace Bullying and Oppression .......................... 152

Violation of The CRA of 1886 (Section 1981), CRA of 1964 (Title VII), CRA of 1991, and Elliot Larsen Civil Rights Act ............................................................... 154

Violation of Genetic Information Nondiscrimination Act and Michigan Ethnic Intimidation Act ......................................................................................... 158

Violation of Labor and Management Reporting and Disclosure Act, and National Labor Relations Act .................................................................................... 162

12-Count Summary for  Union *Defendants* ................................................................. 168

Co-employee *Defendants* ................................................................................. 169

5

Counts Against   169

*Business Defamation, Defamation Per Se Through Negligent/Intentional Publication of Fraudulent Material Misrepresentations and Negligent/Intentional Invasion of Privacy Through Construction of False Light* ................................................................. 169

*Confusion and/or Omission of Material Facts* ................................................................... 177

*Deprivation of Liberty Interests, Violation of Fifth and Fourteenth Amendments, Animus Discrimination* 178

*Cruel and Unusual Punishment In Violation of the Eighth Amendment* ................................ 179

*Fraud - Active/Fraudulent Concealment, Silent Fraud/Nondisclosure, Civil Conspiracy/Collusion as defined and prohibited by the State of Michigan, and Bad Faith* ................................. 180

*Malicious Misrepresentations* ............................................................................... 187

*Negligent and/or Intentional Infliction of Emotional Distress, Mental Anguish, and Loss of Society* ...... 188

*Tortious Interference with Contractual Relations, Existing/Potential Advantageous Business Relationships or Expectancy Thereof, Potential Economic Advantage; Abuse of Privilege/Process, and Inducement of Breach of Contract or Bargaining Agreement* ................................................................. 189

*Duress, Oppression, and Creation, Encouragement, Sustainment of a Hostile Work Environment* ......... 191

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

*Violation of Civil Rights Acts of 1886, 1964, & 1991; Violation of the Elliot Larsen Civil Rights Act*......... 192

***Violation of Genetic Information Nondiscrimination Act and Michigan Ethnic Intimidation Act and Invasion of Privacy***...................................................................................... 194

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

DEFENDANTS[1] (BY GROUPING) AND SERVICE ADDRESSES[2][3]

## Group: Corporate

*Comprised of:*

Defendant 1:: Hurley Medical Center
> A government owned and funded, teaching medical organization which is authorized to practice in Genesee, Shiawassee, and Lapeer counties of Michigan.
> **The Williams Law Firm** [Attorneys Joan Pierson and Sean Siebigteroth]
> 8263 South Saginaw Street; Grand Blanc, MI 48439; 810-695-7777

Defendant 2:: City of Flint
> The municipality which owns, operates, funds, and governs Hurley Medical Center.
> **Peter Bade, City Attorney**
> 1101 South Saginaw Street; Flint, Michigan 48502; 810-766-7146

## Group: Administrative

*Comprised of:*

Defendant 3:: David Szcepanski
> Hurley Medical Center Labor Relations Director
> In professional capacity AND as an individual

Defendant 4:: Vanessa Nelson
> Hurley Medical Center Senior Labor Relations Analyst
> In professional capacity AND as an individual

Defendant 5:: Jay C. Kitson
> Hurley Medical Center Vice President Human Resources
> In professional capacity AND as an individual

Defendant 6:: Dwayne Parker
> Hurley Medical Center Equity & Cultural Diversity Director
> In professional capacity AND as an individual

All Administrative Defendants are represented by:

[1] Plaintiff does not waive the right to pursue any claims against any parties which are/ were concealed/unknown at the time of filing and by this statement preserves said right to pursue in later litigation.

[2] Service may be by mail, in-person, or by any other means authorized by F.R.C.P. Rule 4.

[3] Defendants, with the exception of City of Flint have waived service in addition to PACER. City of Flint will receive a CD-R with amended complaint thereupon due to the amount of pages. Of course, per request of the court clerks, the original and a judge's copy will still be filed with an electronic version provided for convenience of the court and judge. In the event City of Flint objects to being served in an electronic format, I will request a waiver from the court from providing a hard copy for lengthy documents. Anything over ten pages is lengthy, given that there are 19 defendants. A 10 page document becomes 190 pages for defendants plus the additional 20 for the original and court copy totals 210 pages which is a lot of paper and ink.

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

**The Williams Law Firm** [Attorneys Joan Pierson and Sean Siebigteroth]
8263 South Saginaw Street; Grand Blanc, MI 48439; 810-695-7777

# Group: Supervisory

*Comprised of:*

Defendant 7:: Sheila Moore
Hurley Medical Center Senior Laboratory Supervisor
In professional capacity AND as an individual

Defendant 8:: Kristen Deloney
Hurley Medical Center Second Shift Junior Laboratory Supervisor
In professional capacity AND as an individual

All Supervisory Defendants are represented by:
**The Williams Law Firm** [Attorneys Joan Pierson and Sean Siebigteroth]
8263 South Saginaw Street; Grand Blanc, MI 48439; 810-695-7777

# Group: Union

*Comprised of*

Defendant 9:: Deloris Lots
Local 1603 President
In professional capacity AND as an individual

Defendant 10:: Patricia Ramirez
Local 1603 Bargaining Chairperson
In professional capacity AND as an individual

Defendant 11:: AFSCME Local 1603
An organized, bargaining union which functions within Hurley Medical Center to represent the interests of its members and collects monthly dues.

Defendant 12:: AFSCME Council 25
Head of union activity, legal counsel and representation for union members.

All Union Defendants are represented by
**Miller Cohen PLC** [Attorney Austin W. Garrett]
600 West Lafayette, 4th floor; Detroit, MI 48226; 313-964-4454

# Group: Co-employee

*Comprised of*

Defendant 13:: Marlena Miller
Hurley Medical Center Laboratory Clerk
In professional capacity AND as an individual

Defendant 14:: Janice Anderson
Hurley Medical Center Laboratory Clerk
In professional capacity AND as an individual

8

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

Defendant 15:: Carla Ann Little (also:: Singleton) (also: Valentine)
Hurley Medical Center Laboratory Clerk
In professional capacity AND as an individual
**c/o Sheila Moore (at service address of Ms. Moore)**

Defendant 16:: Javonka Thorns
Hurley Medical Center Laboratory Clerk
In professional capacity AND as an individual

Defendant 17:: Brandy Marsh
Hurley Medical Center Laboratory Clerk
In professional capacity AND as an individual

Defendant 18:: Emily Mahank
Hurley Medical Center Medical Technologist
In professional capacity AND as an individual

Defendant 19: Elizabeth LNU
Hurley Medical Center Medical Technologist
In professional capacity AND as an individual

All Co-employee Defendants are represented by
**The Williams Law Firm** [Attorneys Joan Pierson and Sean Siebigteroth]
8263 South Saginaw Street; Grand Blanc, MI 48439; 810-695-7777

9

## STATEMENT OF CITIZENSHIP

1.  Plaintiff is a resident of the State of Michigan and a lawful citizen of the United States of America. Named Defendants No. 1 - No. 4: AFSCME Council 25, AFSCME Local 1603, City Of Flint, and Hurley Medical Center are lawful government municipalities, organizations, or incorporations whose principle place of business is in the State of Michigan.

2.  Named Defendants no.5 - no.18: David Szczepanski, Vanessa Nelson, Jay C. Kitson, Dwayne Parker, Deloris Lots, Patricia Ramirez, Sheila Moore, Kristen Deloney, Marlena Miller, Janice Anderson, Carla Singleton-Valentine, Javonka Thorns, Emily Mahank, and Brandy Marsh are residents of the State of Michigan and lawful citizens of the United States of America.

## STATEMENT OF JURISDICTION

1.  This labor case does involve federal statutes, including the United States Constitution and Amendments thereto; 5 USC $5596; 18 USC $241; 18 USC $242; 18 USC $245; 21 USC $141; 29 USC $158; 42 USC $1201; 42 USC $1983; & 42 USC $2000 as well as state claims, over which this court holds pendent jurisdiction.

2.  *Federal pendent jurisdiction over a state claim exists when there is a federal claim and the relationship between the federal claim and the state claim is such that the entire action comprises a single case. The federal claim must be sufficiently substantial to confer subject matter jurisdiction on the court, and the state and federal claims must derive from common facts such that the plaintiff would ordinarily be expected to try them in one proceeding.[4]* Therefore, JURISDICTION IS PROPER in this honorable court.

10

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

---

[4] Pierson Sand & Gravel, Inc v Keeler Brass Co 460 Mich 372; 596 NW2d 153 (1999)

## STATEMENT OF VENUE

The events which give rise to this action occurred in the City of Flint which is within Genesee County in the State of Michigan. Therefore, VENUE IS ALSO PROPER in this honorable court.

## DECLARATION OF JOINDER OF PARTIES

All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, a right of relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if a question of law or fact common to all of the defendants will arise in the action, or if their presence in the action will promote the convenient administration of justice.[5] All named defendants are proper parties.

## DECLARATION OF FORMAT

I have wrestled with how to present this information in the most concise format possible. With the inclusion of eighteen joined defendants, I have concluded that it would be best to group defendants and address the relevant counts to that grouping. This alleviates the cumbersome task of sorting through eighteen individual complaints and instead specifies the charge and the defendant. I think that when you consider how such a format works, you will agree this is the least cumbersome and provides a streamlined complaint that will allow an easier time reading and understanding it.

Unfortunately I can hear complaints coming now of "duplication" from City of Flint and Hurley Medical Center; and for that, I do apologize. However, had the named defendants owned the slightest bit of morality, I hardly think you would even know my name because we wouldn't be here. They don't , so we are, you do and I have compiled a comprehensive roster of *as many tortfeasors as I am aware of* to make an example of these employees to be referenced which demonstrates that co-employees can, should, and (*in this case*) will be held liable for their bullying and discrimination against fellow employees

11

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

---

[5] PT Today, Inc. v Commissioner of the Office of Financial and Insurance Services 466 Mich App 887 (2006)

whom they don't like (*for whatever reason*). And, for the record: It is not unlawful to be physically attractive or multiracial.

I have grouped Defendants into *like*-categories. For example, the counts against Marlena Miller are *like* those against Brandy Marsh, therefore, these persons are grouped into the "Co-employee Defendants" group. There are instances wherein this did not work out: Sheila Moore, Kristen Deloney and Dwayne Parker are addressed individually. Moore has less counts than the Deloney (both supervisors); and Parker had way more counts than the other "Administrative Defendants" group members, such as Title VII discrimination claims asserted against him.

Hopefully this will work out for everyone to completely understand what is being levied against him or her. My goal is ease of reading and understanding. Thus is the explanation for the format of this complaint. That said, let's begin.  To prevent overlapping numerical indicators, I will not begin at 1 for sequential groups; counts will be continuous.

## SUMMARY STATEMENT OF FACTS

I, Lowana Shanell Dumas do present to this court and declare that I have been wronged by my former employer, my former co-employees, my former union and that I do hold a maximum of 90 counts against each of these which are all legally viable causes of action. I believe that when presented with this complaint, your honor will allow me to present to a jury my claim against these persons who have egregiously and wantonly violated the laws of this state and this country.

Plaintiff further states: I am a pro se litigant who realizes that most of the litigants who attempt to proceed pro se are those who were unable to secure an attorney to represent their interests in the case and that this likely means they have no case. That's not quite what happened here. I attempted to secure an attorney - yes. I was turned down - yes. But the reason was not merit of the claim - it was actually timing. I filed a complaint with the Department of Civil Rights and they promptly sat on top of my case and did nothing for almost three years. I believe that it is because the perpetrators were African American and the investigator was also African-American; the good old "stick-together" mentality which I have come to resent. I

experienced this mentality during my time at Hurley Medical Center. I was specifically instructed to regard the Caucasians there as "*them*".

This was an actual instruction given by the Union Representative, also African American who happened to sit beside me while my rights were violated. The majority of co-workers who worked in the same capacity as I considered me to be part of "*them*" because I don't listen to Hip-Hop music; I genuinely prefer Sarah Brightman, Josh Groban, Shinedown, Marilyn Manson, David Gilmour/Pink Floyd and Godsmack to songs wherein women are "bitches and hoes" and all there is to do with anyone's time is to have sex or smoke illegal drugs. I have standards. I was called "white girl", "house-nigger", and told many times that I smell like "shit" and "old cheese".

When my supervisor was notified of these things, she stated that I "am too beautiful". That's subjective and I, for one, disagree. Nevertheless, she said my "skin is too pretty a color", my "eyes are too pretty", my "hair is too nice"...etcetera ad nauseum. She justified all of the assaults with contentions of "jealousy".

In the meantime I continued to bear the hatred of my colleagues. One solution my supervisor came up with required me to go down the hall and use the "public" restroom; I was forbidden from using the private employee restroom located inside the ladies locker-room where our purses and personal effects were kept. She said that the other employees told her they wanted to know where I was at all times - that I wasn't listening to their conversations in the employee restroom. She honestly indicated to me that this was a great compromise since the public restroom was separate, but equal, or as she put it, "The same, just down the hall".

Now, I will not pretend to you that I am an attorney. I have an Associate's Degree in Legal Assisting and a Bachelor's in Communications and Leadership. At the same time I will not pretend that this did not happen to me. Due to being unable to move from my home I was sexually assaulted in my own bed by a half-sibling who gained unlawful entry into the home. This is a real consequence of having been forced out of my position with Hurley Medical Center. But not for the loss of employment, I would not have even been there for such an atrocity to happen. And while this is an unforeseen consequence, one must always consider that an action will have unanticipated consequences.

13

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

I will never ask that you pretend I am a lawyer, but I will ask that you allow me to proceed because these actions are illegal - irrespective of the race of the perpetrators or the victims. Someone has to be willing to stand up against racism in the workplace when it comes from African Americans just as when it comes from Caucasians. Someone has to stand up against workplace hazing and workplace bullying when the perpetrators are African Americans. Racism is not defined by the race of the perpetrator, but by the actions thereof.

It is recklessly negligent to allow discrimination because of the history of our nation. Very few living today were there - and I'm pretty certain none are living who even witnessed a slave trade, slave auction, or functioned in the capacity of "slave". History is over; we live, we



learn, we move forward. I will not ever apologize for my Grandmother being Caucasian, nor for her choice to wed an African American. And I will never feel shame for being multi-racial and having a value system that places more emphasis on compassion and tolerance than in division and selection according to hue of skin. I am wholly prepared and committed to being that person who stands up and against discrimination even when it comes from African Americans and I am taking that stand in your courtroom.

Civil Rights are not exclusive to the protection of the African American population from other races; it extends to provide protection from discrimination to all Americans. Decency and morality are not and shall not be negotiably contingent upon personal regard for the other person. That is precisely why we have laws regulating "*conduct*". Quite like the ten commandments - as strange as it is true, sometimes people are so devoid of common decency and morality that laws must be written for them to behave humanely.

I have been discriminated against and endured some of the worst conduct imaginable in the 21st century. And it is **not excusable** because the perpetrators were *African* American. In that I am entitled to equal protection of the law and due process, I thank the court for this opportunity to present my case and will do so to the best of my ability.

Thank you for your time, consideration, & temperance.



Lowana Shanell Dumas, Plaintiff

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

## Inmates Running The Asylum:
## Establishment of Direct and Vicarious Liability Upon Hurley Medical Center & City of Flint

### CAT'S PAW

Jean La Fontaine was a 17th century French poet who wrote a fable about a monkey who convinces a cat to stick his paw into a fire and retrieve the chestnuts therein. As each chestnut came out of the flames, the monkey gobbled them up and left nothing for the cat except a burned paw. And so it is that sometimes in an employment situation, employees (monkeys) will convince supervisors (cats) to act in a discriminatory manner against an employee who they hold personal animus for. Even in the event that the supervisor is acting in good-faith, there is always an obligation to act within the confines of the law. Therefore, irrespective of the motivation, the employer (as owner/master of the cats and monkeys) is liable for the actions of the monkeys and the cats which it employs.

Hurley Medical Center employed Plaintiff and later terminated the contract for unlawful reasons (which we will get into momentarily). Although Hurley effected a system of checks and balances wherein an employee is suspended pending termination so an investigation can theoretically be conducted, a termination based upon discriminatory motives, unless actually investigated, will not be discovered through this system and said system will ultimately fail.

This personnel practice of terminating employees because they are in a probationary period, while maintaining neutrality on it's face is actually nothing less than a pretext for discrimination and creates a disparate impact upon new employees by forcing them to suffer malignant conduct and horrendous civil rights violations without complaining or else becoming fired. Upon any complaint about these activities, a termination is issued - with only a "paper"

15

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

investigation.[6] When I gave notice of my intent to file a grievance with Local 1603 and intent to contact the EEOC in an intranet email[7] due to the treatment I was receiving, Supervisor Deloney called the Union Representative, Victoria Thompson, who sat beside me, and asked the message be relayed to me that she (Deloney) was going to Human Resources to find out if I could be fired for writing it. This intention was confirmed to me later in her office, where I had been instructed to go by the Union Representative to "beg" for my job; to beg her not to fire me; to beg her not to ask Human Resources to find a way to fire me. As you can see, I specifically stated in the email that I felt I was being "*singled out and subjected to disparate treatment*" by the supervisors and laboratory staff and requested a meeting to discuss the conditions under which I was working. I questioned supervisory motives for requiring me to do the work of two people while everyone else did the work of one and reminded her that "*a company is not able to institute policies which impugn the federally guaranteed rights of an employee to file a grievance with governing agencies, such as the EEOC and if the circumstances cannot be successfully addressed internally, I retain the right to contact them*" in the email. It would be quite fair to say I was suspicious at this point of Supervisor Deloney's sudden dissatisfaction with my personality, sudden dissatisfaction with my workmanship, sudden irritated disposition at my presence, and demonstrated hostility toward me. I had every intention of putting at least some of the things we talked about in writing for later verification of the approximate time these things were happening. I wanted to be sure that in the event my employment was terminated, a record of events was secured that could not be modified later. Internal emails are retained by Hurley's IT staff eternally. Knowing that, I didn't want to provide Deloney the opportunity to deny knowledge of these things.

16

---

[6] A "paper" investigation is an investigation in writing only. No investigating occurs even though paperwork indicates one has been or will be performed.
[7] Exhibit I

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

The reliance of defendants upon state laws to create a shield from liability for unconstitutional, unlawful, and unconscionable policies which create an open hunting season on new employees by prohibiting them from reporting civil rights violation and civil liberty infringements with the use of fear of termination and intimidation derived of "new/probationary status" deprives new employees of their liberty interests in reputation, employment, and all that a good reputation and stable employment infer upon the holder. Further, it is a deprivation of rights under color of law and a tortuous interference with an individual's federal right to work.

The reliance of defendants upon a proffered policy with is facially neutral while discriminating openly against "new/probationary" employees who are not willing to be bullied and victimized by seasoned/established employees in unconstitutional and an abuse of the probationary process. A "new/probationary" employee has the right to fair and equal treatment. It is unconscionable that Hurley Medical Center allows open discrimination on the basis of race. If a Caucasian assaulted verbally an African American in like manner as these African Americans have assaulted verbally me, said Caucasian would have been disciplined if not fired. It is incomprehensible to me that Hurley Medical Center has full knowledge of the racist activities which occur within the Laboratory Services Department and does nothing to stifle and suffocate it. Hurley Medical Center, merely verbalizes a policy against discrimination instead of prohibiting discrimination.

The union does nothing in these situations; a "new" employee, according to them, does not have the right to contest such behavior because during the "probationary" period, they are being evaluated by the company according to Council 25.[8] Still, they feel they have the right to collect dues from my paycheck to fatten their "*I can't help you*" agenda. According to Local 1603, I was to "wait and see what happens next" when I asked to file a grievance. Although plaintiff was

17

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

---

[8] Exhibit A

suspended pending termination, there was no investigation through this inept system of checks and balances. That which ultimately pulled into the unlawful termination persons such as Jay C Kitson, who ultimately approved, signed and delivered the termination notice to plaintiff.[9] Had Mr. Kitson investigated, perhaps he would have discovered that just prior to termination, Plaintiff had sought assistance for the maltreatment to which she was being subjected through the internal Equal Employment Officer, Mr. Dwayne Parker and had sought to file a grievance in regard to the maltreatment with the union, Local 1603. Perhaps then, he would have singlehandedly stopped the unlawful termination and unlawful actions, thereby preventing this litigation altogether.

But such is not the case. Instead, Mr. Kitson detrimentally relied upon information supplied to him which was heavily impregnated with discriminatory motivations and intentions. That reliance assured plaintiff's termination without any investigatory measures conducted to validate the allegations. Nevertheless, the cat's paw theory is accurate. Irrespective of Mr. Kitson's nondiscriminatory motivations to terminate Plaintiff's employment, it is his name on the termination notice indicating that he did investigate and conclude that termination was justified based upon information supplied to him by my supervisor Kristen Deloney and her supervisor, Sheila Moore which fraudulently misrepresented plaintiff's actions and conduct.

Mr. Kitson served as a conduit of discrimination and irrespective of Mr. Kitson's lacking knowledge of mitigating factors and motivations, Hurley Medical Center is ultimately responsible for his approval of plaintiff's termination; responsible for the discriminatory conduct plaintiff endured from supervisory staff, including Sheila Moore & Kristen Deloney; and the various monkey employees who harassed and intimidated plaintiff on a daily basis. These

18

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

---

[9] Exhibit H

persons were acting within the scope of their employment. So why are they being sued as "individuals" as well?

### IN INDIVIDUAL CAPACITY: ESTABLISHMENT OF INDIVIDUAL LIABILITY

They are also being sued in an individual capacity because whether you are employed and acting within the scope of that employment or not, the conduct they partook willingly in is **illegal**. It is unlawful and prohibited conduct to harass someone on the basis of race, color, creed, national origin, religion, ethnicity or disability. This il-legality is not restricted to employment-based/related conduct, it is restricted to any "environment" within this nation; it applies wherever, whenever and regulates whomever is human.

That is one thing the perpetrators herein all have in common: they are legally defined as "human": *any living or extinct member of the family Hominidae characterized by superior intelligence, articulate speech, and erect carriage* (Princeton) - although, truth be told, they did not conduct themselves in a manner which would impart confidence in the likelihood of superior intelligence or humanity. Nay, the conduct of these perpetrators is more indicative of an inherent deficiency in moral sense and integrity; a value system of evil, corrupt and perverted intent, which is devoid of regard for unapproved-human dignity and is indifferent to unapproved-human life; a state of mind which is outrageously horrible and inhuman.

While the defendants can meet at least some of the characteristics of "human":

1. Walk on two feet;
2. Have opposable thumbs;
3. Have skin color which ranges from almost black to pale pinkish-white;
4. Have height and weight variances dependent upon locality, historical factors, environmental factors, and cultural factors;
5. Have the ability to speak;
6. Have a high capacity for abstract thinking; &

19

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Pending

7.  Have or be commonly thought to possess a spirit or soul which transcends the physical body. (U.S. Legal)

...they leave little doubt that there is more to being human than opposable thumbs: there is the ability to logically reason, to behave in a moral and ethical manner, and to show consideration and compassion for others amongst other humane things. There is also the expectation, responsibility, and legal obligation to do so.

If any defendant being sued in their individual capacity can show where he or she does not meet the requirements to be deemed or regarded by this honorable court as a natural person - a human, then they can also show that the laws of this country and state which this litigation are reliant upon don't apply to them. No dog nor cat has ever stood trial, to my knowledge, for violating someone's civil rights - nor parakeet, nor ferret for that matter.

Therefore, in the event any defendant being sued in an individual capacity can demonstrate that he or she is not of the human species, I humbly will submit a motion asking the individual capacity claim against him or her be dismissed with prejudice because they aren't human. Far be it from me to ask the court impose liability upon the failure of non-humans to conduct themselves in accordance with laws which govern and regulate human behavior. They simply lack the capacity.

Since that's not likely to happen, let's continue.

As there is expected to be no suggestion forthcoming that any of the defendants functioned as Independent Contractors, but were in fact employees of Hurley Medical Center, we need not entertain the economic reality test to determine what type of employment relationship existed. They are all agents of the employer, Hurley Medical Center. As you know there is an exception to respondeat superior liability. This occurs when the employee is acting to benefit his or herself, not the employer or acting toward his or her own interest as opposed to working toward the interest of the employer.

20

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

It may be argued that a minimal percentage of the actions committed by the tortfeasors would indeed benefit their own interest; who doesn't benefit from having things go their way? However, it cannot be argued or demonstrated that said tortfeasors actions solely benefitted them and would not benefit the employer. Indeed, there is a union-hostage situation wherein the union members essentially hold the employer hostage unless what they demand is done. Maintaining union-member satisfaction to prevent always-impending-strikes is a strong motivator for breaking the law. And so Hurley Medical Center does. It also cannot be argued or demonstrated that said tortfeasors acted outside the scope of employment. At all times, defendents were involved in an activity relating to the job when the actions which give rise to this litigation occurred.[10] They were acting on behalf of the master.

In addition, it was made clear at all times by Supervisor Kristen Deloney, Supervisor Sheila Moore, Union Bargaining Chairperson Patricia Ramirez, and all Accessioning Staff that it is the established practice/policy of Hurley Medical Center for existing staff to haze new employees by and through the [unlawful] conduct which was intolerable to plaintiff and is the subject of this litigation. It's hard to believe, I realize, but I was specifically instructed to "stay quiet; don't say anything about it or you'll be fired"; and "just ride it out; it happens to all new employees - you just have to take it and not say anything".

Supervisor Deloney also indicated on more than one occasion that she implemented a system of reliance upon my coworkers to partake in the unlawful activity toward me in order to determine if they believed I should remain employed by Hurley Medical Center. Although co-worker's were not employed in the capacity of supervisor toward me or anyone else, they were allowed to function as new-employee-evaluators by Supervisor Deloney. Therefore, it can only be logically reasoned that each individual was acting within the scope of his or her employment

---

[10] Sayles v. Piccadilly Cafeterias, Inc.,242 Va. 328, 410 S.E.2d 632

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

irrespective of whether there would attach a personal benefit to plaintiff's employment being terminated. All conduct toward plaintiff was authorized by Supervisor Deloney, who stated, "I asked them to check you out and let me know what they think."

In order to succeed on a claim of respondeat superior liability against an employer, relevent elements must be established:

1. Conduct of the servant is within the scope of employment, but only if:

   a. It is the kind which he is employed to perform;
   b. It occurs substantially within the authorized time and space limits;
   c. It is actuated, at least in part, by a purpose to serve the master...

2. Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

In this case, plaintiff will show by the end of the complaint, that:

1. Conduct of the employees was within the scope of employment. It is true that all employees were acting while on duty for employer Hurley Medical Center and were within the realm of job duties and description provided upon securing of employment. It is also true that some actions occurred outside of business hours and were not a part of the job description and job duties provided by company employer. Further:

   a. The employment activities which were being conducted were and also were not those to which the employee was hired to perform but were those to which the employee was assigned by supervisory staff;
   b. The activities occurred within authorized time and space limits; and
   c. The activities were actuated at least in part to serve the master.

2. The conduct was authorized at all times and at no time addressed or identified as *unlawful* or *prohibited* conduct. It was, in fact, encouraged. This is proven by the doctrine of res ipsa loquitor as well as by the negligent retention of personnel who had engaged in these illegal activities previously.

22

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

We have now established that Hurley Medical Center holds direct liability and vicarious liability to the causes of action contained herein. Likewise, we have established that the City of Flint hold direct liability and vicarious liability to the causes of action contained herein in that it is the owner of Hurley Medical Center and is thereby responsible for the actions of all Hurley Medical Center personnel, including the tortfeasors named as parties to this litigation in professional and individual capacities.

### GOVERNMENTAL IMMUNITY

In that the City of Flint is a municipality and Hurley Medical Center is owned by said municipality, Hurley Medical Center employees may or may not be be considered governmental employees and an assertion of governmental immunity may or may not be attempted. However, governmental employees may not escape liability on the basis of immunity for *intentional* torts; there is *no immunity* for malicious, willful, wanton, or reckless acts.[11] The governmental immunity act <u>ONLY</u> preserves the immunity of the government when engaged in the exercise or discharge of a governmental function...[12] Violating the Civil Rights of individuals is NOT a governmental function and the Michigan Supreme Court has ruled that section 7(4) affirmatively states "This act *does not grant immunity to a governmental agency with respect to the ownership or operation of a hospital ... or to the agents or employees of such hospital...*"[13] for intentional torts.

Governmental employees are generally not immune for intentional torts, but certain conduct can still be subject to qualified immunity under the common law. Common law immunity extends to a governmental employee who was engaged in discretionary acts, acting in

---

[11] MCL 691.1407(3)
[12] unless the plaintiff shows the existence of a statutory exception to immunity
[13] Vargo v Sauer, 457 Mich 49 576 NW2d 656 (1998) Citing MCL 691.1407(4); MSA 3.996(107)(4)

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

good faith, within the scope of his authority and in the course of his employment. [14] Here, the defendents acted in bad faith veiled as "policy", acted within their respective scopes of authority, acted within their respective scopes of employment, and engaged in ministerial-operational, grossly negligent acts.

The immunity from tort liability afforded to governmental employees by the governmental immunity act does not alter the law of intentional torts as it existed before July 7, 1986, and thus an individual employee's intentional torts are not immune under the act.[15] Additionally, MCL 691.1407(2) does not apply to these defendants because they are individual government employees who are not provided immunity under MCL 691.1407(5)[16]

Having established affirmative liability of all named defendants through established law, we may now begin to address the causes of action with specificity of law governing each in turn and entitling plaintiff to relief sought. There are three stages of employment we will be dealing with: *pre-employment, employment,* and *post-employment.* For ease of comprehesion through a smooth transition, it would be nice to address these stages sequentially. But, for the sake of time-efficiency, we will instead address the complaint in groupings. As previously stated, for ease of comprehension, Defendants have been divided into 5 groups and will be comprised of the following defendants:

- ○ *Corporate*
  - ▪ *Hurley Medical Center*
  - ▪ *City of Flint*
- ○ *Administration*
  - ▪ *David Sczepanski*
  - ▪ *Vanessa Nelson*

---

[14] Frohriep v Flanagan, 278 Mich App 665; 754 NW2d 912 (2008), rev'd in part 483 Mich 920; 763 NW2d 279 (2009)
[15] Id (Frohriep) citing MCL 691.1407(2), MCL 691.1407(3)
[16] Id (Frohriep)

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

- ▪ *Jay C. Kitson*
- ▪ *Dwayne Parker*
- ○ *Senior Supervisory*
  - ▪ *Sheila Moore*
  - ▪ *Kristen DeLoney*
- ○ *Union*
  - ▪ *AFSCME Local 1603*
  - ▪ *AFSCME Council 25*
  - ▪ *Deloris Lots*
  - ▪ *Patricia Ramirez*
- ○ *Co-employees*
  - ▪ *Marlena Miller*
  - ▪ *Janice Anderson*
  - ▪ *Carla Ann Little-Singleton-Valentine*
  - ▪ *Javonka Thorns*
  - ▪ *Emily Mahank*
  - ▪ *Brandy Marsh*
  - ▪ *Elizabeth LNU*

I will address each group in turn, albeit possibly not in this order and will provide a summary of counts before launching into the details behind them. Be advised that <u>EVERY COUNT AGAINST EVERY DEFENDANT, IRRESPECTIVE OF GROUPING IS AN INDIVIDUAL COUNT AGAINST HURLEY MEDICAL CENTER AND CITY OF FLINT</u> as employer and owner of employer. Therefore, there is no need to duplicate the complaint into separate parts for Hurley or Flint as the counts against both are continuous throughout and to do so would be redundant and unnecessarily repetitive.

17-COUNT SUMMARY FOR **Administration** *Defendants*

| | |
|---|---|
| Admin Violation 1: | Business Defamation, Defamation Per Se Through Negligent/Intentional Publication of Fraudulent Material Misrepresentations and Negligent/Intentional Invasion of Privacy Through Construction of False Light |
| Admin Violation 2: | Concert of Action, Conspiracy Against Rights, Deprivation of Rights17, Tortious Interference with Federally Protected Activities, Deprivation of Relief Benefits as defined and prohibited by 18 USC 241 et seq. and Violation of First Amendment |
| Admin Violation 3: | Confusion and/or Omission of Material Facts/Rights |
| Admin Violation 4: | Constitutional Challenge to unconscionable and unconstitutional "probationary employee", Deprivation of Liberty Interests, Violation of Fourteenth Amendment, Animus Discrimination |
| Admin Violation 5: | Cruel and Unusual Punishment In Violation of the Eighth Amendment |
| Admin Violation 6: | Featherbedding |
| Admin Violation 7: | Fraud - Active/Fraudulent Concealment, Silent Fraud/Nondisclosure, Civil Conspiracy/Collusion as defined and prohibited by the State of Michigan, and Bad Faith |
| Admin Violation 8: | Innocent/Negligent/ Malicious Misrepresentations |
| Admin Violation 9: | Negligence and/or Gross Negligence, Negligent and/or Intentional Infliction of Emotional Distress, Mental Anguish, and Loss of Society |
| Admin Violation 10: | Negligent and/or Intentional Unilateral Change To or Breach Of Bargaining Agreement, Duty to Protect, Fiduciary Duties and Trust, Expressed/Implied Verbal/Written Agreement, and Failure to Collectively Bargain |
| Admin Violation 11: | Negligent Supervision, Retention, & Hiring, and Failure to Warn |
| Admin Violation 12: | Promissory Estoppel |
| Admin Violation 13: | Tortious Interference with Contractual Relations, Existing/Potential Advantageous Business Relationships or Expectancy Thereof, Potential Economic Advantage; Abuse of Privilege/Process, and Inducement of Breach of Contract or Bargaining Agreement |
| Admin Violation 14: | Unconscionable and Unfair Labor Practices including Undue Influence, Duress, Oppression, and Creation, Encouragement, and Sustainment of a Hostile Work Environment |
| Admin Violation 15: | Violation of Civil Rights Acts of 1886, 1964, & 1991; Violation of the Elliot Larsen Civil Rights Act |

26

---

[17] Includes Deprivation of Rights Under Color of Law

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

Admin Violation 16:   Violation of Fair Labor Standards Act, Labor Management Reporting and Disclosure Act (Landrum-Griffin Act), and National Labor Relations Act

Admin Violation 17:   Wrongful, Retaliatory, or Constructive Discharge

27

# Administrative *Defendants*[18]

**17** *Counts* Against
DAVID SCZEPANSKI : JAY C. KITSON : VANESSA NELSON : DWAYNE PARKER

## [1]

*Business Defamation, Defamation Per Se Through Negligent/Intentional Publication of Fraudulent Material Misrepresentations and Negligent/Intentional Invasion of Privacy Through Construction of False Light*

1.  Business Defamation is comprised of any false statement that imputes fraud, deceit, dishonesty, or reprehensible conduct[19] that might injure someone's business interests and deter third persons from dealing with that business.[20] Defamation per se is a false statement which injures a person's character and reputation.[21] To maintain an action for false light, a plaintiff must show that the defendant broadcasted to the public in general or to a large number of people publicity that was unreasonable and highly objectionable by attributing to the plaintiff characteristics, conduct or beliefs that were false and placed him in a false position.[22]

2.  Plaintiff's claim for unemployment is a public record - accessible by any person who inquires, such as through background checks for future employment. Hurley Medical Center did contest the issuance of unemployment benefits to plaintiff upon review, consideration, and advice of

---

[18] Plaintiffs incorporates all paragraphs contained in the section <u>Administrative Defendants</u> as an indivisible whole of counts against David Sczepanski, Jay C. Kitson, Vanessa Nelson, & Dwayne Parker ("Administrative Defendants"). ALL COUNTS AGAINST ADMINISTRATIVE DEFENDANTS ARE COUNTS AGAINST HURLEY MEDICAL CENTER AND CITY OF FLINT as well. In the event any legal theory/count fails, is dismissed or otherwise removed from complaint, all facts/statements contained therein in support of that count/legal theory in addition to all remaining counts/ legal theories stand as an indivisible whole.

[19] *National Ref Co v Benzo Gas Motor Fuel Co*, 20 F2d 763, 771 (8th Cir), cert denied, 275 US 570 (1927)

[20] *Michigan Microtech, Inc. v Federated Publ'ns, Inc*, 187 Mich app 178, 466 NW2d 717 (1991); *Heritage Optical Ctr., Inc. v Levine*, 137 Mich App 793, 359 NW2d 210 (1984)

[21] *US Healthcare, Inc v Blue Cross of Greater Philadelphia*, 898 F2d 914, 924 (3d Cir), cert denied, 498 US 816 (1990)

[22] *Duran v The Detroit News, Inc*, 200 Mich App 622; 504 NW2d 715 (1993), lv den 444 Mich 944; 512 NW2d 846 (1994)

Attorney Joan Pierson of the Williams Law Firm[23]. In the contesting of benefits, plaintiff was listed as a *"rule violator"* with *"careless workmanship"*. Benefits were denied plaintiff and plaintiff's credibility as an employee and competent individual became laced and tainted with questionable doubt.[24]

3. Administration Defendants' failure to conduct any investigation into Deloney's request to terminate plaintiff's employment and malicious representations to the Unemployment Insurance Agency created and maintains a false light around plaintiff. Each Administration Defendant: Jay Kitson, David Sczepanski, and Vanessa Nelson maintained or held at some point during plaintiff's attempts to secure unemployment benefits direct contact with the Unemployment Agency, including presenting for the court hearing before Judge Dahlquist wherein these same fraudulent, defamatory statements were reiterated, thereby creating a public record of *"misconduct"* and *"voluntary quit"* for plaintiff's prospective employers to reference.

4. Further, when plaintiff has applied for employment, a request for release of personnel file in its entirety has been required. At the time plaintiff obtained a copy of her personnel file, there was no inclusion of any report from PARKER indicating that an EEO complaint had been filed by plaintiff or the grievance process requested by plaintiff. Lack of inclusion of this information as well as inclusion of fraudulent misrepresentations specifically designed to taint plaintiff's image within the personnel file constitutes Business Defamation, Defamation Per SE THROUGH NEGLIGENT/INTENTIONAL PUBLICATION OF FRAUDULENT MATERIAL MISREPRESENTATIONS and NEGLIGENT/INTENTIONAL INVASION OF PRIVACY THROUGH CONSTRUCTION OF FALSE LIGHT and are factual and proximate causes of damages suffered by plaintiff.

29

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

---

[23] Attorney Pierson is the attorney of record for Hurley Medical Center, per Unemployment Agency documentation. She signed a document indicating that plaintiff had violated work rules, etc. Administrative Defendants also made these same contentions either in writing or directly to the Judge in regard to unemployment compensation.

[24] *Although the denial was appealed and the* appeal was victorious for plaintiff, plaintiff has to date received exactly ZERO dollars and ZERO cents in back-unemployment *benefits.*

5. Administration Defendants' defamatory allegations against plaintiff have created an undue burden upon plaintiff, not just in obtaining unemployment benefits, but also in obtaining employment due to the public record and personnel file which indicate "misconduct" and "violation of work rules". The damage to plaintiffs reputation by these fraudulent misrepresentations regarding her conduct and character which created and maintain a FALSE LIGHT around plaintiff are immeasurable and are a factual and proximate cause of damages suffered by plaintiff.

## [2]

*Concert of Action, Conspiracy Against Rights, Deprivation of Rights25, Tortious Interference with Federally Protected Activities, Deprivation of Relief Benefits as defined and prohibited by 18 USC 241 et seq. and Violation of First Amendment*

6. To prove a concert of action claim, a plaintiff must show that all of the defendants acted tortiously pursuant to a common design.[26] Plaintiff contends that it is simply impossible to show that they acted otherwise. Administration Defendants function in a cohesive manner to ensure that the goals of the Hurley Medical Center in regard to Human Resources/Personnel are met. In order to do so, a common design, common strategy, common rules, common policies, and common procedures must be and have been instigated, created, instituted, and implemented.

7. The common design is simply: termination of plaintiffs employment, deprivation of relief benefits (including retirement), and damage to her professional and personal reputations. Naturally, that won't be what is admitted to, or even the titles assigned thereto - however, that is what the actions of Administration Defendants totals up to; what they simply did. Immediately upon plaintiffs report of intolerable cruelty and harassment to her supervisor, attempt to initiate the grievance procedure when supervisors failed to act upon the information, and filing of a

---

[25] Includes Deprivation of Rights Under Color of Law

[26] *Jodway v Kennametal, Inc,* 207 Mich App 622; 525 NW2d 883 (1994)

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

formal complaint with the internal EEO officer to create an official report with the employer outside of the department, the common design was set in motion and carried out flawlessly. Indeed, it was that exact success that has yielded this $7.5M lawsuit.

8.  Administration Defendants acted in concerto with **ALL OTHER NAMED DEFENDANTS** to ensure plaintiff's employment was expediently terminated and plaintiff would be left with nothing for having reported discriminatory conduct from co-employees and retaliatory conduct from supervisory staff. This CONCERT OF ACTION is a factual and proximate cause of damages suffered by plaintiff.

9.  Although it is unlawful for "two or more persons to agree together to injure, threaten, or intimidate a person in any state in the free exercise or enjoyment of any right or privilege secured to her by the Constitution or the laws of the Unites States, or because of her having exercised the same,"[27] Administration Defendants did conspire against rights of plaintiff. Upon notification that plaintiff had reported the unlawful conduct, Administration Defendants did conspire to and deprive plaintiff of her constitutional right to work, to obtain employment, and to receive relief benefits.

10. Administration Defendants did exercise great diligence in effort to prohibit plaintiff from retaining employment and from obtaining relief benefits as evidenced through fraudulent documentation presented to Unemployment Insurance Agency and Administrative Law Judge Dahlquist. Further, per DeLoney, Human Resources would be contacted to devise a method to terminate plaintiff's employment upon plaintiff's request to initiate the grievance procedure for the relentless harassment which supervisory staff failed to address. These actions constitute CONSPIRACY and DEPRIVATION OF RELIEF BENEFITS are a factual and proximate cause of damages suffered by plaintiff.

31

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

---

[27]  18 USC 241

11. "Whomever, **under color of any law**, statute, ordinance, regulation, or custom, willfully subjects any person in any State to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, by reason of his color, or race than are prescribed for the punishment of other [colored or raced] citizens, he or she shall be fined under this title or imprisoned or both."[28] Administrative defendants' conduct does constitute a DEPRIVATION OF RIGHTS UNDER COLOR OF LAW and said deprivations are a factual and proximate cause of damages suffered by plaintiff.

12. "Whoever, **whether or not acting under color of law**, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with[29]:

  a. Any person on account of race, color, religion, or national origin because she is or has been participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof; applying for or enjoying employment, or any perquisite thereof, by any private employer or any agency of any State or subdivision thereof, or joining or using the services or advantages of any labor organization, hiring hall, or employment agency; enjoying the goods, services, facilities, privileges, advantages, or accommodations which are customarily afforded other individuals.[30]

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

---

[28] 18 USC 242

[29] 18 USC 245

[30] 18 USC 245 (b)(2)(B)(C)(F)

b.   Without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described or affording another person or class of persons opportunity or protection to so participate;[31] or

c.   Because she is, has been, or in order to intimidate such citizen or any other citizen from lawfully aiding or encouraging other persons to participate, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described or participating lawfully in speech or peaceful assembly opposing any denial of the opportunity to so participate shall be fined under this title, or imprisoned not more than one year, or both.[32]

13.   "Whoever directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes, on account of political affiliation, race, color, sex, religion, or national origin, shall be fined under this title, or imprisoned not more than one year, or both.[33]" Administrative Defendants did deprive plaintiff of current and future employment, seniority in position, retirement benefits, employee benefits, and relief benefits. These actions (*including lack of action*) by Administrative Defendants as described herein constitutes DEPRIVATION OF RIGHTS and are a factual and proximate cause of damages suffered by plaintiff.

14.   Administrative Defendants did by the commencement of the actions described herein agree together to threaten and intimidate plaintiff in the free exercise and enjoyment of rights and privileges secured to secured to her by the Constitution or the laws of the Unites States and/or because of her having exercised the same and thereby conspired  against plaintiff's rights,

33

[31] 18 USC 245 (b) (4) (A)(B)

[32] 18 USC 245 (b)(5)

[33] 18 USC 246

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

deprived plaintiff of rights, tortiously interfered with plaintiff's participation in federally protected activities, and deprived plaintiff of relief benefits as defined and prohibited by 18 USC 241 et seq. all of which are factual and proximate causes of damages suffered by plaintiff.

15. The first amendment prohibits the restriction of free speech, peaceable assembly, and the right to petition the government for redress of grievances. Administration Defendants denied plaintiff the opportunity to partake in her first amendment and other any rights by prohibiting attempts to resolve workplace conflicts through EEO channels, which are only facial lame-duck approaches to come into compliance with governmental regulations and retaliation for reporting unlawful activities. Administration Defendants' actions constitute a VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS and are a factual and proximate cause of damages suffered by plaintiff.

16. The actions and/or lack of action by Administration Defendants as described herein does rise to TORTIOUS INTERFERENCE WITH FEDERALLY PROTECTED ACTIVITIES and said interferences are factual and proximate causes of damages suffered by plaintiff.

34

### [3]
#### *Confusion and/or Omission of Material Facts/Rights*

17. Under the Michigan Consumer Protection Act, prohibited methods, acts or practices include causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction. The cause of such a misunderstanding may arise from either a representation or an omission. MCL 445.903(1)(n) [34]

18. Prohibited methods, acts or practices include the failure to reveal a material fact, the omission of which tends to mislead or deceive and where the fact could not reasonably be known by the individual. The omitted fact need only *tend to mislead* the person if it could not have been

---

[34] Zane V Chrysler Corp. COA# 199594; 600NW2d 384 (1999)

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

reasonably known by that person; the consumer need not be a reasonable person.   MCL 445.903(1)(s)[35]

**19.** Administration Defendants have violated this established Michigan law in a few ways:

a.   Administrative Defendants represented to plaintiff that a request for termination was instigated by Kristen DeLoney (plaintiff's supervisor) and Sheila Moore (DeLoney's supervisor) THEREFORE plaintiff was suspended, pending the outcome of an investigation which would be conducted by Administrative Defendants. Plaintiff was never contacted for input into an investigation. Logically, in order to conduct an investigation which is not merely a pretext for a constructive termination, the investigator would at some point need to contact the employee. That did not happen. However, the representations that (1) there would be an investigation and (2) an investigation was conducted wherein (3) verification of justification for termination was secured which were presented to plaintiff, the Michigan Employment Security Commission, and Judge Dahlquist not only *tend to mislead*, they are completely misleading.

b.   Administrative Defendants omitted from all communications with plaintiff, Michigan Employment Security Commission (MESC), and Judge Dahlquist the complaint filed with Hurley Medical Center EEO Officer Dwayne Parker which indicated harassment through such means as racial slurs, derogatory rhetoric, and segregation. The omission at a minimum *tends to mislead* an individual into concluding that plaintiff had no contestation to the termination. In fact, representing that plaintiff voluntarily quit the position misleads an individual into concluding that plaintiff was not wrongfully terminated from employment.

35
____

---
[35] Id. (Zane)

c.   The manner in which the information was presented to MESC and Judge Dahlquist was specifically designed to conceal the circumstances involved in plaintiff's termination from employment and to prevent further inquiry by MESC or Judge Dahlquist. But not for plaintiff's successful appeal to the Board of Review which remanded to Judge Dahlquist, Administration Defendants would have succeeded in preventing further inquiry into plaintiff's termination.

20.   Administrative Defendants' conduct did cause a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of plaintiff, a party to a transaction; AND Administrative Defendants' failure to reveal material facts which tends to mislead or deceive and could not reasonably be known by the individual. Administrative Defendants conduct constitutes CONFUSION/OMISSION OF RIGHTS and is a factual and proximate cause of damages suffered by plaintiff.

### [4]

*Constitutional Challenge to unconscionable and unconstitutional "probationary employee", Deprivation of Liberty Interests, Violation of Fourteenth Amendment, Animus Discrimination*

21.   *"Penal"* is defined by Merriam Webster as "of, relating to, or involving punishment, penalties, or punitive institutions".[36] *"Penal"* policies are therefore likely to be found in any situation to govern *penal*ties & punishments. But in order to have the opportunity to avoid the penalty, and in order to be fair, the rules must be disclosed. That's not the case here. Here, new employees are placed into a "probationary" status and left with no-disclosure or half-disclosure and then penalized for lacking omniscience. Plaintiff woefully admits to a lack of omniscience - she is not even half God and therefore cannot rise to that level of "all-knowing".

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

---

[36] http://www.merriam-webster.com/dictionary/penal (2011)

**22.** Courts have the power to and must review constitutionality.[37] This court is being asked to determine the constitutionality of the personnel practice which appears neutral on it's face, but has a disparate impact upon probationary employees. This policy creates a DISPARATE IMPACT upon probationary employees and demonstrates the Animus Discrimination against new employees.

**23.** Plaintiff was repeatedly advised by *Union* Defendants, *Supervisory* Defendants, and *EEO Officer* PARKER that the unlawful, intolerable, inhumane conduct which she was subjected to happens "**to all *new* employees**". Plaintiff was harassed daily from the time she entered the workplace until the time she left; and that is an unconscionable term of employment. The disparate treatment/impact and animus discrimination toward plaintiff[38] and probationary employees is a factual and proximate cause of damages suffered by plaintiff and plaintiff is asking this court to adjudge it an UNCONSTITUTIONAL policy and order the probation policy revised to come into compliance with public policy.

**24.** Failure to provide guidance to new employees is grossly negligent. The proffered "probationary" policy wherein new employees are merely placed on the job with an illusory promise of on-the-job training, and without disclosure of rules and regulations *which will be dedicatedly employed to terminate his/her employment* is voidable for vagueness and should be rendered by this court as void for vagueness due to overt properties which impugn the 5th and 14th Amendment rights of new employees.

**25.** The fifth and fourteenth amendments guarantee the right to confront accusers and obtain due process prior to deprivation of life, liberty, and property.

---

[37] ***People V Mell***, 227 Mich App 508; 576 NW2d 428 (1998), rev'd 459 Mich 881; 586 NW2d 745 (1998)

[38] There remains to be determined whether or not plaintiff is actually a probationary employee. Union Representative Victoria THOMPSON mentioned that plaintiff had accrued so many hours in overtime that she may have pushed past "probationary" status due to the amassed hours.

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

a.   Administrative Defendants deprived plaintiff of the right to confront accusers prior
     to termination of employment. By remaining silent and sticking their heads in the
     sand. Plaintiff was notified of allegations from co-employees during termination-of-
     employment meeting and was not allowed to confront them or make rebuttal. The
     "investigation" during the "suspension pending termination" never occurred.

b.   Administrative Defendants deprived plaintiff the right to internal due process by
     failing to instigate the established progressive-discipline policy wherein *in the event* an
     employee violates work rules either intentionally or unintentionally, said employee is
     notified and given the opportunity to come into compliance therewith. This
     progressive discipline policy, although allegedly instigated (*per signatured, sworn
     testimony proffered by Jay C. Kitson to Unemployment Insurance Agency*), never happened with
     plaintiff. Plaintiff was terminated from employment immediately following an
     absence which occurred from manifestation of and ADA-covered physical
     impairment. An absence which was anticipated due to excessive illness while at
     work, and an absence which had prior authorization from Supervisor DeLoney, who
     witnessed the excessive illness. And yet: NO progressive discipline AND plaintiff
     was actually penalized for absence.

c.   Administrative Defendants deprived plaintiff of the right to external due process by
     failing to present honest testimony to the Unemployment Insurance Agency. Every
     document submitted and testimony taken in the courtroom consisted of the same
     fraudulent statements, including that Hurley Medical Center had instigated a
     progressive discipline (Judge Dahlquist ruled this to be a lie); that Plaintiff had
     voluntarily quit employment with Hurley Medical Center (Judge Dahlquist ruled

38

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are incorporated and Binding

this to be a lie and Administrative Defendants admitted that it was not true); that Plaintiff had engaged in careless workmanship (Judge Dahlquist ruled that this was a lie and that the reason plaintiff was terminated was more likely than not because of the report of harassment by co-employees to Supervisor DeLoney).

26. These actions and failure-to-acts by Administration Defendants did deprive plaintiff of constitutional rights, civil liberties, liberty interests[39] and constitute a VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS and are a factual and proximate cause of damages suffered by plaintiff.

|5|

*Cruel and Unusual Punishment In Violation of the Eighth Amendment*

27. The eight Amendment to the United States Constitution states that cruel and unusual punishments shall not be inflicted. Yet, as detailed herein, plaintiff was subjected to cruel and unusual punishment for complaining about discriminatory conduct.

28. By and through allowing plaintiff to be harassed by coworkers, by and through failure to address retaliatory conduct from supervisors, by and through failure to investigate and take corrective action for harassment detailed in complaint with EEO Officer, by and through fraudulent misrepresentations designed to deprive plaintiff of employment relief benefits, Administrative Defendants have subjected plaintiff to cruel and unusual punishment, which is a violation of the 8th Amendment and it is a factual and proximate cause of damages suffered by plaintiff. For being different. Different in race. Different in

39

---

[39] "A person's good name, reputation, honor, and integrity are among the liberty interests which can be protected by constitutional due process. Reputation may constitute a liberty interest sufficient to invoke due process protections when it is connected with a more tangible interest, such as employment or employment relief benefits." **Bracco v Michigan Technological University,** 231 Mich App 578; 588 NW2d 467 (1999), lv den 461 Mich 929; 605 NW2d 319 (1999)

seniority. Different in culture. Different in national origin. Different in ethnicity. Different. Or as DELONEY put it, for not "fitting".

[6]

*Featherbedding*

29. Featherbedding is the practice of hiring more workers than are needed to perform a given job, or to adopt work procedures which appear pointless, complex and time-consuming merely to employ additional workers.[40]

30. As detailed in the emails between Deidra Roriex and Kristen DeLoney, there was in existence (1) one, a single position available and said position was to be given to plaintiff. However, DeLoney insisted Roriex (A Human Resources Administrator) hire plaintiff while DeLoney (A Supervisor) hired Tamra Hunt for the same position.

31. The concerted act of hiring more workers than are needed to perform the job by Administrative and Supervisory staff constitutes FEATHERBEDDING, deprived plaintiff of both the tangible and intangible property interests attributable to employment (*generally*)/that position (*specifically*), and is a factual and proximate cause of damages suffered by plaintiff.

[7]

*Fraud - Active/Fraudulent Concealment, Silent Fraud/Nondisclosure, Civil Conspiracy/Collusion as defined and prohibited by the State of Michigan, and Bad Faith*

32. *Active concealment* is more than a failure to volunteer information; it consists of hiding information from the other party by concealment.[41] To establish a claim of fraudulent

40

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

---

[40] Wikipedia citing *The New Dictionary of Cultural Literacy,* 3rd ed., edited by E.D. Hirsch, Jr., Joseph F. Kett, and James Trefil, Houghton Mifflin Company, 2002. ISBN 0618226478

concealment, there must have been a duty of disclosure, and a representation by words or actions which was false or misleading and was intended to deceive.[42] Fraudulent concealment is the employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent, and the fraud must be manifested by an affirmative act or misrepresentation.[43]

33. A false material representation needed to establish fraud may be satisfied by the failure to divulge a fact the defendant has a duty to disclose. A claim of silent fraud requires a plaintiff to allege that the defendant intended to induce him to rely on its nondisclosure and that the defendant had an affirmative duty to disclose.  Defendants will undoubtedly claim to have no knowledge of the discriminatory conduct to which plaintiff was subjected. Plaintiff finds this contention of "*ignorance*" to be disingenuous.

34. Plaintiff was in communication with Jay C Kitson (as he was the only name on the documentation indicating to plaintiff that her employment was suspended pending terminated and then terminated. Plaintiff detailed the abuse she endured at the hands of co-employees and supervisory staff. In full knowledge of these things, including the complaint filed with Dwayne Parker, EEO Officer for Hurley Medical Center, Mr. Kitson and other administrative defendants had full knowledge that the statements being made to the Michigan Employment Security Commission was deceptive (at best) and SILENT

41

---

[41] http://contracts.uslegal.com/active-concealment

[42] **Roberts v Saffell**, 280 Mich App 397; 760 NW2d 715 (2008), aff'd 483 Mich 1089; 766 NW2d 288 (2009), recon den 485 Mich 867; 771 NW2d 751 (2009)

[43] **Doe v Roman Catholic Archbishop of the Archdiocese of Detroit**, 264 Mich App 632; 692 NW2d 398 (2004), lv den 474 Mich 892; 704 NW2d 708 (2005)

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

FRAUD (in actuality). The duty to disclose was not honored by any Administration Defendant.

35. Administrative Defendants' dedicated efforts to hide the information constitutes ACTIVE AND FRAUDULENT CONCEALMENT, which is a factual and proximate cause of damages suffered by plaintiff.

36. A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal/unlawful purpose, *or* to accomplish a lawful purpose by criminal/unlawful means.[44] A conspirator is jointly and severally liable for the acts of coconspirators committed in furtherance of the conspiracy. Thus, a third party who knowingly participates in a breach of a fiduciary's duty becomes liable.[45] A person may be a party to a continuing conspiracy by knowingly cooperating to further the object of the conspiracy, and it is not necessary that each defendant have knowledge of all the ramifications of the conspiracy or that one conspirator know all of the coconspirators or participate in all of the objects of the conspiracy.[46]

37. Administrative Defendants did conspire to terminate plaintiff's employment and to deprive her of relief benefits by and through the filing of fraudulent performance reports, compilation of fraudulent discipline statements to constructively terminate plaintiff, failure to investigate plaintiff's claims of harassment and retaliation, and fraudulent misrepresentations, including perjured testimony given to a Judge whilst under SWORN

42

---

[44] *Admiral Insurance Co v Columbia Casualty Insurance Co*, 194 Mich App 300; 486 NW2d 351 (1992), lv den 442 Mich 917; 503 NW2d 449 (1993)

[45] *Rapistan Corp v Michaels,* 203 Mich App 301; 511 NW2d 918 (1994)

[46] *People v Hunter*, 466 Mich 1; 643 NW2d 218 (2002) citing MCL 750.157a

IN. It is not necessary that each conspirator have knowledge of each element which the other is undertaking. Each conspirator knowingly participated in the actions taken against plaintiff and each conspirator is thereby liable.

38. Governmental employees are **not immune for *intentional* torts**. Common law immunity only extends to a governmental employee who was engaged in *discretionary* acts **AND** acting in *good* faith **AND** *within* the scope of his/her authority **AND** *in the course* of his/her employment.[47] Administration Defendants (*and all other conspirators*) acted in BAD FAITH (*sometimes veiled as "policy"*), acted well within their respective scopes of authority, in the course of employment, and engaged in *ministerial-operational*, grossly negligent acts. Therefore, Administration Defendants may not claim immunity for their actions.

39. Further, the immunity from tort liability afforded to governmental employees by the governmental immunity act *does not alter the law of intentional torts as it existed before July 7, 1986, and thus <u>an individual employee's intentional torts are **not immune** under the act</u>.*[48] MCL 691.1407(2) **does *not* apply** to Administration Defendants *because* they are <u>individual employees</u> and are thereby **not provided immunity** under MCL 691.1407(5).[49] Administration Defendants' acting in BAD FAITH through ministerial-operational (*procedural*) acts which were negligent and are a factual and proximate cause of damages suffered by plaintiff.

|8|

---

[47] ***Frohriep v Flanagan***, 278 Mich App 665; 754 NW2d 912 (2008), rev'd in part 483 Mich 920; 763 NW2d 279 (2009)

[48] Id (Frohriep) citing MCL 691.1407(2), MCL 691.1407(3)

[49] Id (Frohriep)

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

*Innocent/Negligent/Malicious Misrepresentations*

40. Willful blindness (*sometimes called ignorance of law, willful ignorance or contrived ignorance or Nelsonian knowledge*) is a term used in law to describe a situation in which an individual seeks to avoid civil or criminal liability for a wrongful act by intentionally putting himself in a position where he will be unaware of facts which would render him liable.[50]

41. Willful blindness is a term used in criminal law to refer to the acts of a person who intentionally fails to be informed about matters that would make the person criminally liable. It describes an attempt to avoid civil or criminal liability for a wrongful act by intentionally putting oneself in a position to be unaware of facts which create liability.[51]

42. Willful Blindness is a deliberate failure to make a reasonable inquiry of wrongdoing despite suspicion or an awareness of the high probability of its existence. Willful blindness involves conscious avoidance of the truth and gives rise to an inference of knowledge of the crime in question.[52]

43. Three expressions which amount to the same thing: Administrative Defendants cannot claim the fraudulent misrepresentations which they made were innocent misrepresentations *because* willful blindness <u>does not remove liability</u>; nay, it overtly and conspicuously displays a proclamation of knowledge of the unlawful activity in abscensia specific details and willingness to allow or participate without "getting ones hands dirty".

44

[50] Wikipedia citing Luban, *Contrived Ignorance*, (1999) Vol. 87 Georgetown Law Journal, 957.

[51] http://definitions.uslegal.com/w/willful-blindness

[52] http://research.lawyers.com/glossary/willful-blindness.html based on Merriam-Webster's Dictionary of Law ©2001

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

**44.** Administrative Defendants knew or should have known that plaintiff's termination was being unlawfully constructed when DeLoney requested that plaintiff be terminated for initiating the grievance procedure in response to harassment from co-employees and retaliation from management. Administrative Defendants knew or should have known that plaintiff's termination was unlawfully constructed when a complaint was on record for harassment with the internal EEO officer Dwayne Parker at least 3-weeks prior to termination. Administrative Defendants knew or should have known to actually conduct an investigation into the suspension pending termination, however, chose to take the ostrich approach of willful blindness in a failed attempt to avoid liability.

**45.** Whether there is any genuine ignorance remains to be seen; however, all Adminsitrative Defendants knew or should have known such things as: There was no "progressive discipline" which is required by the bargaining agreement - if only by the date on each of the three given during suspension notice which shows there was no progressive anything - they were given on the same day for things which had allegedly occurred, but were never proven.

**46.** Administrative Defendants conduct at a minimum constitutes INNOCENT AND/OR NEGLIGENT MISREPRESENTATION; however, plaintiff maintains her contention that defendants' conduct as detailed herein constitutes MALICIOUS MISREPRESENTATIONS and they are a factual and proximate cause of damages suffered by plaintiff.

[9]

*Negligence and/or Gross Negligence, Negligent and/or Intentional Infliction of Emotional Distress, Mental Anguish, and Loss of Society*

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

**47.** When there is a duty owed by defendant to plaintiff and a breach of that duty occurs which causes damages to plaintiff, plaintiff is entitled to damages against defendant.[53] Administrative Defendants owed a duty to plaintiff. That duty included an equal employment opportunity, which includes equal application of rules, regulations, policies, and practices. As detailed herein, plaintiff has been repeatedly treated to different rules, regulations, policies, and practices as other employees, whether probationary or non-probationary employees.

**48.** Plaintiff exhausted all avenues to resolve the conflict, which she at no time instigated, and was left with no assistance from any Defendants. Administrative Defendants' failure to conduct any investigation into the circumstances surrounding plaintiffs termination (or request to terminate plaintiff's employment) constitutes wanton NEGLIGENCE and is a factual and proximate cause of damages suffered by plaintiff. The brevity of Administrative Defendants' misconduct constitutes GROSS NEGLIGENCE and is a factual and proximate cause of damages suffered by plaintiff.

**49.** Generally, an individual has no duty to protect another who is endangered by a third person's conduct. Where there is a duty to protect an individual from a harm by a third person, that duty to exercise reasonable care arises from a "special relationship" either between the defendant and the victim, or the defendant and the third party who caused the injury.[54] Such a special relationship must be sufficiently strong to require a defendant

46

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

---

[53] ***Cummins v Robinson Township***, 283 Mich App 677; 770 NW2d 421 (2009)

[54] ***Jane A Doe v Young Marines of the Marine Corps League*** COA# 275579(2007)citing ***Murdock v Higgins***, 454 Mich 46, 54; 559 NW2d 639 (1997) citing ***Marcelletti v Bathani***, 198 Mich App 655, 664; 500 NW2d 124 (1993).

to take action to benefit the injured party.[55] A special relationship would exist if the plaintiff entrusts herself to the protection and control of defendant and, in so doing, lost the ability to protect herself.[56]

50. Plaintiff has a special relationship with Administration Defendants and they have an obligation to protect plaintiff from unlawful employment practices and activities whether they come from Supervisory or Co-employee Defendants; yet they failed, refused, or neglected to do so. Due to trust placed in protection and control of Administration Defendants, plaintiff lost the ability to protect herself and she was ultimately terminated from employment and denied relief benefits. Plaintiff detrimentally relied upon the alleged checks and balances system wherein Administration Defendants conduct an investigation into allegations against plaintiff. Administration Defendants failure to conduct an investigation and failure to maintain control over bully-supervisors and bully-support staff constitutes NEGLIGENT SUPERVISION and is a factual and proximate cause of damages suffered by plaintiff.

51. Due to Administrative Defendants contribution to unlawful termination of plaintiff's employment, plaintiff was unable to maintain alternative treatments for depression and anxiety, including piano lessons and sculpting; unable to maintain treatment for fibroid tumors with Seasonale® birth control, amongst other medical and sociable lifestyle changes. This deprivation constitutes a LOSS OF SOCIETY and is a factual and proximate cause of damages suffered by plaintiff.

[55](Id Doe v Marines) citing (Id Murdock) citing *Samson v Saginaw Professional Bldg, Inc,* 393 Mich 393, 406; 224 NW2d 843 (1975).

[56] (Id Doe v Marines) citing (Id Murdock) citing *Dykema v Gus Macker, 196 Mich App 6, 9; 492 NW2d 472 (1992), citing Williams v Cunningham Drug Stores, Inc, 429 Mich 495, 499; 418 NW2d 381 (1988).*

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

**52.** Administrative Defendants' emotional manipulation of plaintiff through actions and inactions as described herein, including the requirement that plaintiff accept the unlawful behavior and remain silent did create a NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL ANGUISH, DISTRESS, AND UPHEAVAL, for plaintiff. This infliction of emotional distress and mental anguish is a factual and proximate cause of damages suffered by plaintiff.

**[10]**

*Negligent and/or Intentional Unilateral Change To or Breach Of Bargaining Agreement, Duty to Protect, Fiduciary Duties and Trust, Expressed/Implied Verbal/Written Agreement, and Failure to Collectively Bargain*

**53.** The covenant of good faith and fair dealing is an implied promise contained in every contract that neither party will do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. However, there is no cause of action for breach of an implied covenant of good faith and fair dealing.[57] The promise to act in good faith is encompassed in a breach of contract claim.

**54.** Plaintiff was given during orientation a 126-page book entitled "AGREEMENT between HURLEY MEDICAL CENTER   and UNION LOCAL 1603 AFFILIATED WITH MICHIGAN COUNCIL 25, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES AFL-CIO JULY 1,2004 - JUNE 30, 2007" *(format preserved)*. This book is a collective bargaining agreement ("CBA").  The CBA states *"The union shall represent probationary employees for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment and other conditions of employment as set forth in this Agreement. The*

48

---

[57] Hammond v United of Oakland, Inc., 193 Mich App 146; 483 NW2d 652

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

*Union may represent probationary employees on disciplinary actions.*[58] And *"the union shall assist with [plaintiff] with the grievance procedure"*[59]

55. Plaintiff was notified by both Union Representative Victoria Thompson and Supervisor Kristen DeLoney of DeLoney's intention to contact Human Resources and request termination of plaintiff's employment for plaintiff's participation in the federally protected activity of union participation, for plaintiff's giving notice of intent to file a grievance and contact the Michigan Department of Civil Rights and Equal Employment Opportunity Commission. Seeking termination of employment is a ridiculously inept response to someone attempting to resolve a conflict through communication. Nevertheless, DeLoney served as a bridge to *(conspirator with)* Administration Defendants by involving them *(through notification of termination request and reason for termination request)* in the constructed termination of plaintiff. Although THOMPSON attempted to bargain on plaintiff's behalf upon notification of intent to seek termination, Defendants failed, refused, or neglected to do so, or to do so in good faith.

56. The failure of Administration Defendants to bargain with the union, which per agreement serves as representative of plaintiff, in regard to the terms and conditions of employment constitutes a BREACH OF BARGAINING AGREEMENT, FAILURE/REFUSAL TO COLLECTIVELY BARGAIN, and UNILATERAL ALTERATION OF BARGAINING AGREEMENT.

57. A fiduciary relationship exists between plaintiff and Administration Defendants. It is a relationship wherein faith, confidence, trust, and reliance upon proper application of

49

---

[58] **CBA**: Page 6 Section B. Paragraph 1.

[59] **CBA**: Page 25- 29 Section 14. GRIEVANCE PROCEDURE

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding

procedure is imbued upon Administration Defendants, especially by employees who feel they are being unlawfully terminated, unlawfully harassed, unlawfully retaliated against, etcetera.[60] There is a significant disparity of power and expertise between Administration Defendants and plaintiff; plaintiff's ability to rely upon Administration Defendants to perform duties of fiduciary relationship was critical to her success as a Hurley Medical Center employee.  Administration Defendants' willful failure to perform those duties as detailed herein constitutes a BREACH OF FIDUCIARY DUTIES and BREACH OF EXPRESS/IMPLIED VERBAL/WRITTEN AGREEMENT and is a factual and proximate cause of damages suffered by plaintiff.

|11|

*Negligent Supervision, Retention, & Hiring, and Failure to Warn*

58. An "extraordinary hazard" is defined as *"one not commonly associated with a job or undertaking. When hazards are increased by what other employees do, and the injured employee has no part in increasing them, they are "extraordinary".[61] And "extraordinary risk" is defined as "one lying outside of the sphere of the normal, arising out of conditions not usual in the business. It is one which may be obviated by the exercise of reasonable care by the employer."[62]* Administrative Defendants FAILED TO WARN plaintiff about the propensity for harassment in the Laboratory Services Department. Administration Defendants knew, however, that there was a greater likelihood that it *would* occur than that it would not occur. According to Dwayne Parker, EEO Officer, the co-employees who were the instigators of harassment toward plaintiff had a history of harassing new employees and other employees whom they selected - he

50

---

[60] ***Ulrich v Federal Land Bank,*** 192 Mich App 194, 480 NW2d 910 (1991)

[61] Stone v Howe, 92 N.H. 425, 32 A.2d 484, 487 [1943 NH LEXIS 107 (1943)].'---*Black's Law Dictionary,* 5th ed (St. Paul: West Publishing Co, 1979), p 527.

[62] *Black's Law Dict.,* 1979, *supra,* p. 527

Lowana Shanell Dumas v Hurley Medical Center, et al
All Previous Pages Herein Are Incorporated and Binding