UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWANA SHANELL DUMAS,

    Plaintiff,

v.        Case No. 10-12661

HURLEY MEDICAL CENTER, et al.,

    Defendants.
                                    /

**OPINION AND ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO ENJOIN**

On February 15, 2011, Plaintiff Lowana Shanell Dumas filed the instant "ex parte" motion to enjoin communication directed to her via email from Thomas Kent, counsel for Defendant City of Flint. Although Defendant Flint has not responded, the matter is sufficiently presented for the court to rule. Plaintiff's motion is without merit and will be denied.

Plaintiff included in her motion what appear to be photographic images of email communications, but much of the text thereof is not readable. She complains about the conduct of Defendant's counsel in several respects, alleging that he had become "enraged" and that he acted inappropriately in predicting to Plaintiff that Defendant would seek costs and fees in certain circumstances. (Pl. Mot. Br. 3.) Plaintiff seems to have interpreted this as "threats and insults." (Pl. Mot. Br. 4.) Plaintiff complains also about a statement attributed to defense counsel in which she says he related that the City of Flint "has no interest in EVER engaging you in settlement discussions . . . ." (Pl.

Mot. Br. 5) (emphasis in original). In contrast, she correctly notes that settlement efforts are generally encouraged by the court.

The court cannot find any indication that attorney Kent has said or done anything inconsistent with the standards of professional conduct of this court or of the State of Michigan. A defendant's attorney may properly inform a plaintiff of defendant's intent to pursue a lawful course of action; seeking fees and costs in the pursuit of a meritorious motion may be one such course of action. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(C). In fact, in some instances a party is *required* to so inform—and thereby caution—an opposing party. *See* Fed. R. Civ. P. 37(a)(5)(i). Also, although *voluntary* settlement is encouraged, neither settlement nor discussions directed to settlement will be required of any party by this court. Additionally, parties to litigation are perfectly within their rights to express disagreement over issues of law. When such disputes arise, it is the role of the court to resolve them. In sum, to the extent that the court was able to interpret the images of the e-mail exchange presented by Plaintiff, it could not discern anything improper, or even doubtful, in either the substance or tone of Kent's statements.

On the other hand, the court is concerned about some very questionable presentations included in Plaintiff's motion, and a worrisome tone of hostility seems to be emerging in her filings.

*Pro se* litigants are not bound by the rules of professional conduct applicable to attorneys. They are, however, subject to the Federal Rules of Civil Procedure. Rule 11 governs representation to the court in any "pleading, written motion, or other paper" by "an attorney *or unrepresented party*." Fed. R. Civ. P. 11(b) (emphasis added). Among other things, every motion presented to the court is deemed to be certified by the

presenting party that the motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the costs of litigation." Fed. R. Civ. P. 11(b)(1).  Plaintiff's present motion does not exactly run afoul of this prohibition, but it comes perilously close to being nothing more than a harassing and delaying tactic—particularly given Plaintiff's actions that induced, and her replies to, the allegedly improper statements of opposing counsel.

Rule 11 further requires that the presenting party further certifies that all claims and contentions presented have a valid basis in law and fact.  Fed. R. Civ. P. 11(b)(2)-(3).  These requirements must be met "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b).  The lack of factual or legal basis for this motion approaches the threshold of impropriety.  Plaintiff's tone of hostility and use of is also inappropriate. Similar concerns have arisen in Plaintiff's other filings before this court.

Plaintiff is admonished to cease unwarranted personal attacks on counsel or parties to this case, to avoid the use of invective, abusive language, and sarcasm, and to refrain from irrelevant rhetorical questions and unnecessary hostility in future filings. She should use reasonable diligence in compliance with Rule 11 in all future filings.

IT IS ORDERED that Plaintiff's ex parte motion to enjoin [Dkt. # 24] is DENIED.

   s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 9, 2011

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 9, 2011, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522