**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LOWANA SHANELL DUMAS,

    Plaintiff,

v.                                Case No. 10-12661

HURLEY MEDICAL CENTER, et al.,

    Defendants.
                                            /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
WAIVER OF PROCEDURAL FORMALITIES**

On February 15, 2011, Plaintiff Lowana Shanell Dumas filed the instant "Motion for Waiver of Procedural Formalities" requesting the court issue a blanket waiver of all "procedural formalities" for Plaintiff's filings. Because Plaintiff proceeds *pro se.* The court will take this into consideration, as it always does, in the ordinary course of business in managing the case. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted).

Giving a generous construction to papers and pleadings does not, however, properly release a *pro se* plaintiff from all "procedural formalities," whatever that phrase might turn out to mean, or the ordinary requirements of substantive and procedural law. Illustrative of the danger of granting such a motion is Plaintiff's claim that Defendants' motions for a more definite statement under Federal Rule of Civil Procedure 12(e) were mere "procedural formalities." (Pl. Mot. Br. at 3.) Providing reasonable notice of the

claim(s) made against a defendant is fundamental to the system of notice pleading established by the Federal Rules. It is not a simple technicality as Plaintiff asserts. The nature of federal pleading is by statement of claim, not legal theory. Fed. R. Civ. P. 8(a); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1219 (3d ed. 2004). Rule 8 specifically states that "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). No particular form of words is required.5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1281 (3d ed. 2004). The Federal Rules of Civil Procedure do not require "magic words" to make a complaint sufficient, *see, e.g.*, *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 463 (6th Cir. 2007), but they do require that "allegation[s] must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Accordingly,

    IT IS ORDERED that Plaintiff's "Motion for Waiver of Procedural Formalities" [Dkt. # 26] is DENIED.

                                  S/Robert H. Cleland  
                                  ROBERT H. CLELAND  
                                  UNITED STATES DISTRICT JUDGE

Dated: March 9, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 9, 2011, by electronic and/or ordinary mail.

                                  S/Lisa Wagner  
                                  Case Manager and Deputy Clerk  
                                  (313) 234-5522