UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWANA SHANELL DUMAS,

    Plaintiff,

v.                                     Case No. 10-12661

HURLEY MEDICAL CENTER, et al.,

    Defendants.
                                            /

**ORDER GRANTING DEFENDANTS' MOTIONS TO QUASH SUBPOENAS**

On March 7, 2011, the court issued a notice of hearing for April 13, 2011, at 2:00 p.m., on three motions to dismiss previously filed by Defendants. (3/7/2011 Order.)

Plaintiff Lowana Shanell Dumas, acting *pro se*, served upon Defendants a total of twelve subpoenas directing a representative of AFSCME Counsel 25, a representative of AFSCME Local 1603, City of Flint Mayor Dayne Walling, Hurley CEO Patrick Wardell, David Szczepanski, Vanessa Nelson, Jay Kitson, Dwayne Parker, Deloris Lots, Patricia Ramirez, Sheila Moore, and Kristen Deloney to appear before this court on April 13, 2011. (Hurley Mot. Ex. 1; AFSCME Mot. Exs. 1-2; Flint Mot. Ex. 1.) On March 23, 2011, the Hurley Defendants filed a motion to quash the subpoenas of Wardell, Szczepanski, Nelson, Kitson, Parker, Moore, and Deloney. On March 25, 2011, the AFSCME Defendants filed a similar motion to quash the subpoenas of AFSCME Counsel 25, AFSCME Local 1603, Lots, and Ramirez. On March 28, 2011, Defendant City of Flint likewise filed a motion to quash the subpoena of Mayor Walling. Plaintiff

has not yet responded, but because the subpoenas are improper on their face,[1] no response is required, and the court will grant Defendants' motions.[2]

A subpoena may issue in a civil matter only to command a person to take at least one of three actions: "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). Five of the subpoenas at issue require nothing more than appearance for the purpose of testifying, and all twelve include this as one of the requirements.

A hearing on a motion to dismiss, as set by this court for April 13, 2011, does not contemplate the introduction of evidence or the testimony of witnesses. Such a hearing is not a trial nor is it an evidentiary hearing. No testimony will be considered, but only the opportunity for oral argument on the *legal* sufficiency of Plaintiff's complaint. With only a few exceptions not applicable here, no evidence is required to be presented to decide a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), because the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Tackett v. M&G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.

---

[1] In their motions, Defendants allege that service was improper because it did not include required fees and that the lack of a time for appearance creates an undue burden. Fed. R. Civ. P. 45(b)(1), (c)(3)(A)(iv). The court need not reach these grounds because Defendants' final argument prevails.

[2] Although the AFSCME Defendants and Flint also request reasonable costs and attorney fees in their motions, they do not present an argument for such. This order will not address the issue, and no fees are granted.

2009)).  In doing so, "the court must draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

A subpoena commanding a person to attend purportedly to give testimony during a hearing on a purely legal issue is *per se* abusive.[3]  Accordingly,

IT IS ORDERED that Hurley Defendants' motion to quash subpoenas [Dkt. # 42] is GRANTED.

IT IS FURTHER ORDERED that AFCME Defendants' motion to quash subpoenas [Dkt. # 43] is GRANTED.

IT IS FURTHER ORDERED that Defendant City of Flint's motion to quash subpoena [Dkt. # 44] is GRANTED.

                                                 S/Robert H. Cleland
                                                 ROBERT H. CLELAND
                                                 UNITED STATES DISTRICT JUDGE

Dated:  March 29, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2011, by electronic and/or ordinary mail.

                                                 S/Lisa Wagner
                                                 Case Manager and Deputy Clerk
                                                 (313) 234-5522

---

[3] This ruling does not affect in any way Plaintiff's right to discovery in the event that the motions to dismiss are denied and the case continues to discovery.