UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWANA SHANELL DUMAS,

    Plaintiff,

v.                                  Case No. 10-12661

HURLEY MEDICAL CENTER, et al.,

    Defendants.
                                             /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS OR ALTERNATIVELY TO STRIKE
AND GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT**

On July 6, 2010, Plaintiff Lowana Shanell Dumas initiated the above-captioned case by filing a complaint against Defendant City of Flint, Defendants AFSCME Council 25, AFSCME Local 1603, Deloris Lots, and Patricia Ramirez (collectively "AFSCME"), and Defendant Hurley Medical Center, together with individual employees (collectively "Hurley"). The complaint contained 89 counts against 18 Defendants. Defendants moved pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement, and the court granted the motions. (12/16/2010 Order.) Plaintiff filed an amended complaint on February 4, 2011,[1] which runs to 200 pages and retains all counts. Hurley, AFSCME, and Flint subsequently filed the instant motions to dismiss or, alternatively, to strike pursuant to Rule 12(f). The court heard argument on these

---

[1] The court's order of December 16, 2010, required a an amended complaint be filed by February 1, 2011. Although Plaintiff filed her amended complaint on February 4, 2011, the court granted her motion to file untimely, citing the severe weather emergency that coincided with the deadline and resulted in the closing of the courthouse on February 2, 2011. (3/7/2011 Order.)

motions on April 13, 2011.  For the reasons stated on the record and below, the court will grant in part and deny in part Defendants' motions.

Plaintiff's complaint originally listed numerous causes of action against Defendants by name only, without further factual or legal assertions.  In her amended complaint, Plaintiff attempted to remedy this by summarizing the legal basis of the claims.  Because of the excessive number of frequently redundant counts, the complaint grew at an alarming rate without much additional factual background as required under Rule 8 and applicable case law.  Fed. R. Civ. P. 8(a)(2) (a complaint must state "a short and plain statement of [each] claim showing that the pleader is entitled to relief"); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of actions will not do.'"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (each claim within a complaint requires "only enough facts to state a claim to relief that is plausible on its face"); *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (purpose of complaint is to "give the defendant fair notice of what the claim is and the grounds upon which it rests").  For purposes of Rule 8, a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence [to support the claim]."  *Twombly*, 550 U.S. at 556.  Additionally, Rule 12(f) authorizes the court to strike "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

The court is not yet prepared to dismiss Plaintiff's action, as this is an extreme remedy.  The first amended complaint states facts indicating that Plaintiff, who is proceeding *pro se*, appears to be attempting to make out at least a claim of unlawful

termination by her previous employer on the basis of race and a claim of discriminatory representation by her previous union.  Such claims are neither uncommon nor complex.  Plaintiff's amended complaint, however, includes additional claims that are both complex and uncommon.  It also includes some claims that are impossible to sustain against the parties against which they are stated, including, without limitation, 1) a claim of cruel and unusual punishment in violation of the Eighth Amendment allegedly committed by Plaintiff's former coworkers and 2) a claim of violation of Due Process allegedly committed by Plaintiff's former coworkers.  (Amd. Compl. 178-79.)  Any claims that may meet the pleading requirements of Rule 8(a) as clarified by *Iqbal* and *Twombly* are simply lost in the sea of insufficiently pled or wholly unsustainable claims.  Therefore, the court will strike the amended complaint with leave to file a second amended complaint that complies with the Federal Rules of Civil Procedure.

In drafting her second amended complaint, Plaintiff is instructed to avoid excess verbiage and commentary, as well as to eliminate claims that lack legal or factual support.  In this respect, the court particularly directs Plaintiff's attention to Rule 15, which permits amendments to add claims or defenses with leave of the court.  Fed. R. Civ. P. 15(a)(2).  If facts supporting additional claims come to light at a later point, they may be added by motion and leave of the court.  This rule alleviates the need to plead every potential cause of action based solely upon the possibility that the discovery process may produce facts sufficient to support additional claims.  Accordingly,

IT IS ORDERED that the Defendants' motions [Dkt. ## 22, 27, 31] are GRANTED IN PART AND DENIED IN PART.  They are DENIED IN PART inasmuch as

they move to dismiss the above-captioned matter; they are GRANTED IN PART inasmuch as they move the court to strike Plaintiff's amended complaint.

IT IS FURTHER ORDERED that Plaintiff is granted leave to file a second amended complaint by **May 4, 2011**.

                                            S/Robert H. Cleland  
                                            ROBERT H. CLELAND  
                                            UNITED STATES DISTRICT JUDGE

Dated: April 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 18, 2011, by electronic and/or ordinary mail.

                                            S/Lisa Wagner  
                                            Case Manager and Deputy Clerk  
                                            (313) 234-5522