UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWANA SHANELL DUMAS,

      Plaintiff,

v.                                                Case No. 10-12661

HURLEY MEDICAL CENTER, et al.,

      Defendants.
                                                         /

**ORDER DENYING PLAINTIFF'S "MOTION TO
COMPEL DISCOVERY FROM CITY OF FLINT"**

On October 28, 2011, Plaintiff Lowana Dumas filed a motion to compel discovery from Defendant City of Flint and seeking leave of the court to serve additional interrogatories and add claims. Defendant filed a response on November 8, 2011. For the reasons set forth below, the court will deny Plaintiff's motion.

On August 26, 2011, Plaintiff emailed a set of interrogatories to counsel for Defendant City of Flint and indicated that a hard copy of the interrogatories would also be mailed to counsel. In spite of Plaintiff's contention that Defendant City of Flint's response to the interrogatories was due on September 15, 2011, (Pl.'s Mot. Ex. 3), Defendant had 28 days after service of the interrogatories to respond. Assuming that Defendant was served with the interrogatories on August 26, 2011, Defendant had until September 23, 2011 to respond. Thus, Defendant's response, dated September 19, 2011, was timely.

In addition to alleging that Defendant untimely replied to the interrogatories, Plaintiff also seeks an order compelling Defendant to reanswer each interrogatory and

requests that the court treat the interrogatories as unanswered because Defendant replied to each interrogatory with a boiler plate objection. (Pl.'s Mot. at 8.) Plaintiff also seeks leave of the court to serve additional interrogatories. After reviewing Plaintiff's interrogatories, the court initially observes that Plaintiff's request to serve additional interrogatories is premature. Under Rule 33(a)(1) of the Federal Rules of Civil Procedure, a party may serve no more than 25 written interrogatories on any party without leave of the court or stipulation of the other party. Here, Plaintiff served 17 interrogatories on Defendant City of Flint. Thus, based on the information before the court, Plaintiff may serve eight additional interrogatories on Defendant before having to seek leave of the court to serve additional interrogatories. Accordingly, the court will deny without prejudice Plaintiff's request to serve additional interrogatories.

The court will also deny Plaintiff's request to compel Defendant City of Flint to reanswer each of the interrogatories proffered by Plaintiff. Defendant has indeed responded to each interrogatory with substantially the same boiler plate objection as alleged by Plaintiff. Such objections are impermissible under Rule 33, which requires the grounds for objecting to an interrogatory be stated with specificity. Fed. R. Civ. P. 33(b)(4). After asserting each objection, however, Defendant proceeded to answer the interrogatories, thus suggesting that Defendant's objections were made out of an abundance of caution and a desire not to inadvertently waive possible objections to the interrogatories. Because Defendant's answers are in substantial compliance with Rule 33, the court will not compel Defendant to reanswer each interrogatory.

Finally, the court will deny without prejudice Plaintiff's request to amend the complaint to plead additional claims against Defendant City of Flint. If Plaintiff wishes to

amend the complaint, she shall file an independent motion—containing only Plaintiff's request to amend the complaint—clearly setting forth the grounds on which she is entitled leave to amend the complaint. Plaintiff must also attach a proposed amended complaint to her motion. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Compel Discovery from City of Flint" [Dkt. # 94] is DENIED.

                                         s/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: December 6, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 6, 2011, by electronic and/or ordinary mail.

                                         s/Lisa G. Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522