**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LOWANA SHANELL DUMAS,

    Plaintiff,

v.                                            Case No. 10-12661

HURLEY MEDICAL CENTER, et al.,

    Defendants.

                                                    /

**ORDER GRANTING NONPARTY FLINT CIVIL SERVICE
COMMISSION'S MOTION TO QUASH**

Before the court is nonparty Flint Civil Service Commission's ("FCSC") motion to quash a subpoena served by Plaintiff Lowana Dumas.[1] Plaintiff filed a response on November 29, 2011. The court held a telephone conference with counsel for the parties and nonparty FCSC on December 7, 2011, during which counsel for Plaintiff and FCSC agreed that the court would grant the motion without prejudice to Plaintiff's right to serve additional discovery requests, if needed, on nonparty FCSC prior to the conclusion of discovery.

Plaintiff served FCSC with a subpoena dated November 8, 2011, directing FCSC to produce "copies of Civil Sevice [sic] Commission records regarding personnel matters at Hurley Medical Center between 01/00 and 11/11." (Pl.'s Resp. Ex. 1.) In its motion, FCSC indicates that compliance with the subpoena would cost approximately $20,000 and would require the Commission's only two employees to work full time for

---

[1] At the time the subpoena was served, Plaintiff was proceeding pro se. After service of the subpoena, however, attorney Racine Miller accepted an appointment as pro bono counsel and filed an appearance on behalf of Plaintiff on November 23, 2011.

multiple weeks to satisfy the subpoena. (FCSC's Mot. at ¶¶ 4-5.) Under Federal Rule of Civil Procedure 45, where a nonparty objects to a subpoena, the court "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(c)(2)(B)(ii). Here, FCSC has shown that compliance with the subpoena would cause undue burden on the Commission. Plaintiff's counsel, presumably recognizing the extraordinary scope of the subpoena, informed the court that "upon review of the case file, [she] will be in a better position to ascertain with more specificity and particularity which documents under the control of the Commission may be relevant to Plaintiff's claims, and will gladly narrow the scope of the Subpoena accordingly." (Pl.'s Resp. at 3.) Therefore, the court will grant the motion without prejudice to the right of Plaintiff to subsequently serve, if the need arises, a discovery request upon FCSC prior to the conclusion of discovery. Accordingly,

     IT IS ORDERED that nonparty Flint Civil Service Commission's motion to quash [Dkt. # 112] is GRANTED.

                          s/Robert H. Cleland
                          ROBERT H. CLELAND
                          UNITED STATES DISTRICT JUDGE

Dated: December 15, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 15, 2011, by electronic and/or ordinary mail.

                          s/Lisa G. Wagner
                          Case Manager and Deputy Clerk
                          (313) 234-5522