UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWANA SHANELL DUMAS,

    Plaintiff,

v.                                       Case No. 10-12661

HURLEY MEDICAL CENTER, et al.,

    Defendants.
                                           /

**ORDER DIRECTING PLAINTIFF AND DEFENDANT
CITY OF FLINT TO FILE SUPPLEMENTAL BRIEFS**

On June 27, 2012, the court heard oral argument on Defendant City of Flint's renewed motion for summary judgment. The principal question presented in the motion is whether the City of Flint qualified as an "employer" of Plaintiff Lowana Dumas under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, and the Michigan Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101, *et seq.* During argument, the court indicated that it was inclined, in the absence of Sixth Circuit precedent, to apply the standard announced in *Lyes v. City of Riveria Beach, Fla.*, 166 F.3d 1332 (11th Cir. 1999), to determine whether two public or governmental entities are a single employer or integrated enterprise under the relevant employment-discrimination statutes, a standard that neither party expressly addressed in their briefs. The standard, as announced by *Lyes*, states that,

> when assessing whether multiple governmental entities are a single "employer" under Title VII, we begin with the presumption that governmental subdivisions denominated as separate and distinct under state law should not

be aggregated for purposes of Title VII.  That presumption may be rebutted by evidence establishing that a governmental entity was structured with the purpose of evading the reach of federal employment discrimination law. Absent an evasive purpose, the presumption against aggregating separate public entities will control the inquiry, unless it is clearly outweighed by factors manifestly indicating that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be counted together under Title VII.

166 F.3d at 1347.  In accordance with its statements on the record, the court will provide Plaintiff and Defendant City of Flint opportunities to file supplemental briefs, in which they should address the applicability of the *Lyes* standard to the facts of this case.  Accordingly,

IT IS ORDERED that Plaintiff is DIRECTED to file a supplemental brief, limited in length to ten pages, on or before **July 10, 2012**.  Defendant City of Flint shall then file its supplemental brief, also limited in length to ten pages, on or before **July 17, 2012**. Nor further argument will be had on the motion.

    s/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  July 2, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 2, 2012, by electronic and/or ordinary mail.

    s/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-12661.DUMAS.Order.Add.Briefing.jrc.wpd