UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWANA SHANELL DUMAS,

    Plaintiff,

v.                                                   Case No. 10-12661

HURLEY MEDICAL CENTER, et al.,

    Defendants.
                                               /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF**

*Pro se* Plaintiff Lowana Shanell Dumas moves for relief from the court's July 16, 2012 order adopting a Report and Recommendation ("R&R") and entering judgment in favor of Defendants Hurley Medical Center, Kristen Deloney, Dwayne Parker, AFSCME Council 25, AFSCME Local 1603, Patricia Ramirez, Deloris Lots, and Victoria Thompson. Plaintiff seeks relief under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). Defendants have not responded, but a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(1-2). In the interest of liberally construing this *pro se* litigant's papers, the court will consider Plaintiff's brief in the alternative as a motion to reconsider. As explained below, the motion will be denied.

On July 6, 2010, Plaintiff sued Defendants, alleging that she suffered unlawful discrimination. On June 18, 2013, after almost three years of litigation, Magistrate Judge Majzoub issued a R&R that advised the court to grant Defendants' motions for summary judgment and dismiss the matter in its entirety. (Dkt. # 202 at Pg ID 4309.) A party must submit objections to a R&R within fourteen days of service. E.D. Mich. LR

72.1(d)(2).  A party waives the right to appeal by failing to file objections within the specified time.  *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Plaintiff did not file objections, and on July 16, 2013, this court adopted the R&R and entered judgment in favor of Defendants.

Plaintiff now asks the court to vacate its order adopting the R&R and allow her a second opportunity to file objections.  Plaintiff, an electronic filer, claims that from May 15, 2013, to July 17, 2013, she did not receive any email notifications from the CM/ECF system regarding documents filed on the docket in her suit against Defendants.  (Dkt. # 212 at Pg ID 4393.)  Plaintiff states that on July 17, 2013, she first became aware that the R&R had been filed and adopted and that judgment had issued when she received email notification from the CM/ECF system that Defendants submitted a bill of costs for their motion for sanctions.  *Id.*  Plaintiff contends that she diligently checks her email and that from May 15 to July 17 she received notifications from the CM/ECF system regarding two non-related cases in which she is a litigant.  (Dkt. # 212 at Pg ID 4391.)

Plaintiff argues that these facts demonstrate that the Magistrate Judge's case manager failed to serve Plaintiff with a copy of the R&R, thus denying her the opportunity to timely object to the R&R and causing judgment to unjustifiably be entered against her.  A review of the court records establish that on June 18, 2013, an email with the subject line "Report and Recommendation in 2:10-cv-12661" was sent and successfully delivered to Plaintiff's email address, lowanasdumas@yahoo.com.  The records show that several other emails providing notice of documents filed in the case were also successfully delivered to Plaintiff's email address between May 15 and July

17, including two messages on July 16, 2013, notifying that the court adopted the R&R and entered judgment.

Rule 60(b)(1) affords relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Though Rule 60(b)(6) permits granting relief for "any other reason that justifies" it, the rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). The circumstances of this case do not warrant granting relief under Rules 60(b)(1) or 60(b)(6). It is immaterial whether Plaintiff failed to see the email notifications or did not receive them due to some unknown technological error. The Sixth Circuit has repeatedly held that "parties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal." *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (citing *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370-71 (6th Cir. 2007); *Reinhart v. U.S. Dep't of Agric.*, 39 F. App'x 954, 956-57 (6th Cir. 2002)). "[T]he burden imposed by this affirmative duty is minimal." *Yeschick*, 675 F.3d at 629. Email notification is a convenience, but its existence does not excuse Plaintiff from her duty to actively log-on to the CM/ECF system and check the docket. Indeed, the Sixth Circuit has "emphasize[d] that regardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket." *Id.* at 630. Plaintiff does not allege that she monitored the docket. If she had, she would have seen the R&R and could have timely filed objections. As Plaintiff failed to meet her duty, there are no grounds for relief under Rule 60(b).

3

A motion to reconsider requires Plaintiff to demonstrate "a palpable defect by which the court and the parties . . . have been misled." E.D. Mich. LR 7.1(h)(3). No such defect is present here because Plaintiff does not claim that she attempted to keep apprised of the entry of orders by monitoring the docket. Therefore, even if Plaintiff's motion is construed as one for reconsideration, it will be denied for failing to identify a palpable defect. Accordingly,

IT IS ORDERED that Plaintiff's motion for relief from order [Dkt. # 212] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 7, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 7, 2013, by electronic and/or ordinary mail.

      S/Holly Monda for Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

4