UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOWANA SHANNELL DUMAS,

    Plaintiff,

v.                                              Case No. 10-12661

CITY OF FLINT, et al.,

    Defendants.
                                                  /

**ORDER DENYING DEFENDANT AFSCME'S MOTION FOR SANCTIONS**

On July 6, 2010, *pro se* Plaintiff Lowana Dumas sued Defendants Hurley Medical Center, Kristen Deloney, Dwayne Parker, American Federation of State, County and Municipal Employees ("AFSCME") Council 25, AFSCME Local 1603, Patricia Ramirez, Deloris Lots, and Victoria Thompson, alleging that she suffered unlawful discrimination. On July 16, 2013, after three years of litigation, this court adopted in full Magistrate Judge Mona A. Majzoub's "Report and Recommendation" and entered judgment in favor of Defendants. Defendant AFSCME presents a motion for sanctions pursuant to 28 U.S.C. § 1927 and the court's inherent power to sanction. AFSCME claims that Plaintiff "vexatiously [multiplied] the proceedings in denying Defendant's request for concurrence in its motion to dismiss, where Plaintiff had no viable legal theory to rebut [AFSCME's] defenses." (Pg. ID # 4350.) Further, AFSCME argues that Magistrate Judge Majzoub "recommended dismissal of Plaintiff's claims on the same grounds that Plaintiff was requested to concur with dismissal." (*Id.*) A hearing on the motion is not

necessary.  See E.D. Mich. LR 7.1(f)(2).  For the reasons that follow, the court will deny the motion.

Courts may award sanctions under 28 U.S.C. § 1927 when "[a]ny *attorney* or other person admitted to conduct cases in any court of the United States or any Territory thereof . . . multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927 (emphasis added).  Defendant AFSCME relies on *Gitler v. Ohio*, 632 F. Supp. 2d 722 (N.D. Ohio 2009), to support its argument that § 1927 sanctions may apply to *pro se* litigants.  *Gitler* states:  "Although § 1927 on its face limits who may be sanctioned to an attorney or other person allowed to conduct cases, courts in the Sixth Circuit can sanction *pro se* litigants under that provision even after dismissing a case for lack of subject matter jurisdiction." *Id*. at 724 (citations omitted).  Other courts do not agree that § 1927 may be used to sanction *pro se* litigants.  *See, e.g.*, *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir.1992).  The Sixth Circuit has not specifically ruled whether a *pro se* plaintiff can be sanctioned under the authority of § 1927.  *See Li v. Recellular, Inc.*, 2010 WL 1526379, *8 (E.D. Mich. 2010) (Murphy, J.) ("Although the Sixth Circuit has not squarely addressed the issue, language in a recent decision focusing on a court's power to sanction attorneys indicates that the Sixth Circuit would likely join other circuits in holding that non-lawyer *pro se* litigants cannot be ordered to cover an opponent's costs and fees under section 1927." (citing *Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 395–96 n.6 (6th Cir. 2009))).

The court need not find whether § 1927 permits the court to sanction Plaintiff.  If an attorney knows or reasonably should know that either the claim he or she is pursuing

is frivolous, or his or her litigation tactic will needlessly obstruct the litigation of nonfrivolous claims, sanctions may be warranted absent any finding of bad faith. *Rentz*, 556 F.3d at 396 (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986)). "However, '[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Rentz*, 556 F.3d at 396 (alteration in original) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir.1997)). Thus, an attorney may be sanctioned when "he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007). *Id.* "Under this objective standard, '§ 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence.'" *Id.* (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)). Here, Plaintiff had at least a plausible analytical basis to bring her case: she alleged that as a multi-racial woman with mental and physical impairments, she experienced employment discrimination. Even if § 1927 applied to Plaintiff, her decision to proceed with her claims after Defendant AFSCME sought concurrence does

not meet the "objective" standard of 28 U.S.C. § 1927 under which the court may impose sanctions.[1]

In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court held that a district court has the "inherent authority" to impose independent sanctions. *Id.* at 43–50. But the "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002), or conduct "tantamount to bad faith," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). When invoking its inherent authority, "a court must exercise caution . . . and comply with the mandates of due process." *Dell, Inc. v. Ellis*, No. 07-2082, 2008 WL 4613978, at *2 (6th Cir. June 10, 2008) (citing *Chambers*, 501 U.S. at 50). Given that Plaintiff's conduct does not meet the "objective" standard of 28 U.S.C. § 1927 under which the court may impose sanctions, Plaintiff's conduct also does not meet the higher standard, which requires bad faith, necessary to impose sanctions under the court's inherent power. *See First Bank of Marietta,* 307 F.3d at 517.

---

[1] Defendant AFSCME further relies on *Gitler* to support its argument that § 1927 sanctions are warranted because Plaintiff "continued to file meritless pleadings after having been notified that doing so would result in sanctions for her continued maintenance of unfounded, frivolous and vexatious litigation." (Pg. ID # 4351.) However, in *Gitler*, the *court* notified Gitler that if she persisted to file meritless pleadings then she would be at risk of being sanctioned. *Gitler*, 632 F. Supp. 2d at 724 ("[E]ven after I warned of sanctions, Gitler has disregarded my orders to refrain from filing additional motions to reconsider."). Defendant AFSCME's warning that it would seek costs if Plaintiff did not consent to voluntarily dismissal of her claims is, within these facts, not equivalent to the kinds of warnings from judicial officers that have in the past sufficed. Also, as a general matter, it is not unusual for a party to withhold concurrence in good faith and present a rational argument in opposition, but later lose on the same grounds that the opposing party sought concurrence.

For the reasons stated above, IT IS ORDERED that Defendant AFSCME's motion for sanctions, [Dkt. #206], is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  January 10, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 10, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522